STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ALLEN RESOURCES, INC. :

vs. : C.A. NO. 05-1211

GORDON ROBERTS :

## COMPLAINT

Plaintiff, Allen Resources, Inc., brings this action against defendant, Gordon Roberts, and alleges as follows.

### Parties

1. Plaintiff, Allen Resources, Inc. ("ARI"), is a Rhode Island corporation with its principal place of business in North Kingstown, Rhode Island.

2. Upon information and belief, defendant, Gordon Roberts ("Roberts"), is a resident of Canada with a residence address of 59 Anderson Avenue, Toronto, Ontario CANADA M5P1H6.

### Jurisdiction

3. This Court has subject matter jurisdiction over this matter because the amount in controversy exceeds $10,000.

4. This Court has personal jurisdiction over Roberts because he and ARI entered into an agreement pursuant to which Roberts agreed to provide materials in Rhode Island, Roberts had multiple phone, written and electronic mail contacts with Rhode Island, Roberts traveled to Rhode Island in connection with his agreement with ARI, and ARI was damaged in Rhode Island as a result of Roberts' acts.

PG 3-11-05

**Facts**

5. ARI provides a preparatory course and test preparation materials for candidates who are interested in taking the Chartered Financial Analyst ("CFA") examination to achieve the CFA® designation.

6. To prepare candidates, ARI creates written study guides that summarize concepts, DVD and CD-ROM video seminars, problem solving videos, testing software, audio CD preparation materials, and a quiz book (the "ARI Study System").

7. At great expense, and to distinguish itself from competitors, ARI hires Ph.D. level specialists who contract with ARI to create the materials that are incorporated into the ARI Study System.

8. Upon information and belief, in or about 1999, ARI and Roberts began discussing whether Roberts would be interested in preparing written and videotaped fixed income materials to be incorporated into the ARI Study System.

9. During the course of those discussions, Roberts represented to ARI that he was affiliated with the Schulich School of Business of York University, and that, based on his experience in the field, he would prepare original materials for incorporation into the ARI Study System.

10. Based on Robert's representations, ARI contracted with Roberts to prepare original fixed income materials to be included in the ARI Study System. ARI relied on Roberts' representation that he would prepare original materials for ARI, and but for that representation, ARI would not have engaged Roberts' services.

11. Thereafter, beginning in or about 2000, Roberts provided both written and videotaped fixed income materials to ARI to be incorporated into the ARI Study System.

12. Roberts also traveled to Rhode Island to record the fixed income materials on videotape as a classroom-style seminar presentation.

13. ARI paid Roberts substantial monies to prepare the materials for the fixed income portion of the CFA examination.

14. Roberts never told ARI that the materials he provided to ARI were anything less than entirely his original works.

15. On September 11, 2003, Frank Fabozzi ("Fabozzi") sued ARI in the United States District Court, Eastern District of Pennsylvania, and asserted, among other things, that ARI's fixed income materials infringed certain copyrights allegedly owned by Fabozzi (the "Copyright Litigation"). (Exhibit 1.) Fabozzi alleged that the infringement began in 2000.

16. ARI requested on several occasions that Roberts assist ARI in defense of the Copyright Litigation, and kept Roberts apprised, directly and through his counsel, as to the status of the lawsuit. Roberts did not cooperate with ARI in defense of the Copyright Litigation.

17. ARI ultimately resolved the Copyright Litigation through court ordered mediation and settlement. ARI paid Fabozzi substantial monies to resolve the dispute.

18. Despite demand, Roberts refused to compensate ARI for the costs the company incurred resulting from Copyright Litigation.

**COUNT I**
**(Breach of Contract)**

19. ARI realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. ARI and Roberts were parties to a contract pursuant to which Roberts agreed to provide original fixed income materials for incorporation into the ARI Study System, and ARI agreed to pay Roberts for those materials.

21. ARI fully complied with the contract and paid Roberts in full.

22. Based on the allegations in the Copyright Litigation, upon information and belief, Roberts breached the contract by failing to provide original fixed income materials for incorporation into the ARI Study System.

23. ARI has been damaged thereby.

**COUNT II**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

24. ARI realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. ARI and Roberts were parties to a contract pursuant to which Roberts agreed to provide original fixed income materials for incorporation into the ARI Study System, and ARI agreed to pay Roberts for those materials.

26. ARI fully complied with the contract and paid Roberts in full.

27. Based on the allegations in the Copyright Litigation, upon information and belief, Roberts breached his implied covenant of good faith and fair dealing with respect to the contract by failing to provide original fixed income materials for incorporation into the ARI Study System and by not cooperating with ARI in defending the Copyright Litigation.

28. ARI has been damaged thereby.

**COUNT III**
**(Negligent Misrepresentation)**

29. ARI realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Roberts made representations to ARI that he would prepare and provide original fixed income materials to be included in ARI's Study System

31. Roberts knew or, through the exercise of due care, should have known that this representations and material omissions to ARI regarding the originality of the materials he was providing to ARI were false and/or misleading.

32. ARI relied upon Roberts' false and/or misleading representations and only learned about the issue with Robert's materials on September 11, 2003.

33. ARI was damaged as a proximate result.

**COUNT IV**
**(Indemnification)**

34. ARI realleges and incorporates by reference the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. ARI paid Fabozzi for the claims arising from the Copyright Litigation, but Roberts is responsible for the claims made by Fabozzi against ARI and, upon information and belief, had liability to Fabozzi for the claims in the Copyright Litigation.

36. As between ARI and Roberts, ARI is blameless and entitled to be indemnified by Roberts for all damages and costs it paid Fabozzi in connection with resolving the Copyright Litigation, including ARI's costs and attorneys' fees.

**COUNT IV**
**(Contribution)**

37. ARI realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. The damages and losses Fabozzi alleged against ARI were the result of the action, inaction or omission of Roberts. Any such alleged damages or losses were not the result of any action, inaction or omission by ARI.

39. The cause of any alleged damages or losses suffered by Fabozzi is the responsibility of Roberts.

40. ARI is entitled to contribution from Roberts for the sums it pays Fabozzi, including interest, costs and attorneys' fees.

**Request for Relief**

WHEREFORE, plaintiff, Allen Resources Inc., requests that this Court:

A. Enter judgment in favor of ARI and against Roberts on each and every count of this Complaint;

B. Award ARI compensatory damages plus costs, interest and attorneys' fees pursuant to R.I. Gen. Laws Sec. 9-1-45; and

C. Grant ARI all of the legal and equitable relief the Court deems necessary and just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.**

Allen Resources Inc.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700
Fax: (401) 455-0701

Dated: March 11, 2005

H:\Clients\Allen Resources\Roberts\Pleadings\Complaint Final.doc

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FRANK J. FABOZZI d/b/a
FRANK J. FABOZZI ASSOCIATES
858 Tower View Circle
New Hope, PA 18938,

Plaintiff,

v.

ALLEN RESOURCES, INC.
1130 Ten Rod Road
North Kingstown, Rhode Island 02852

Defendant.

CIVIL ACTION
NO. 03-5127

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates avers as follows in support of his complaint for damages and injunctive relief against defendant Allen Resources, Inc.:

**Introduction**

1. This is an action for copyright infringement, false advertising and misappropriation of the right of publicity arising out of the lucrative business of test preparation materials.

**Parties**

2. Plaintiff Frank J. Fabozzi, Ph.D., CFA, CPA d/b/a Frank J. Fabozzi Associates ("Fabozzi") is an adult individual and a citizen of the Commonwealth of Pennsylvania. His address is 858 Tower View Circle, New Hope, Bucks County, Pennsylvania 18938.

3. Defendant Allen Resources, Inc. ("ARI") is a corporation organized and existing under the laws of the State of Rhode Island, with a principal place of business located at 1130 Ten Rod Road, North Kingstown, Rhode Island 02852.

## Jurisdiction of Venue

4. This action arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§101, et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332 and 1338(a), as well as 28 U.S.C. §1367.

5. This Court may exercise personal jurisdiction over defendant ARI because ARI regularly and continuously conducts business in the Commonwealth of Pennsylvania and in this judicial district and because a substantial part of the acts or omissions giving rise to plaintiff Fabozzi's claims occurred in the Commonwealth of Pennsylvania and in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

## Background Facts

7. Fabozzi is a well-known figure in the field of finance and in particular in the areas of derivative and fixed income securities. Fabozzi earned a doctorate in economics from the City University of New York in 1972. From 1986 to 1992, Fabozzi was a full-time professor of finance at the Sloan School of Management at the Massachusetts Institute of Technology. Among other certifications and licenses he has also earned the Chartered Financial Analyst ("CFA") and Certified Public Accountant ("CPA") designations. At present, he is editor of the Journal of Portfolio Management and is an adjunct professor of finance at the Yale University School of Management. Fabozzi has authored and edited extensively in the areas of finance, including the area of fixed income securities.

8. ARI's business consists of providing test preparation materials and courses relating to the CFA exam. ARI advertises itself as "the worldwide leader in CFA exam services." On its web site, www.allenresources.com, ARI also advertises that its sole "focus has always been on the CFA exam."

9. The CFA designation is a coveted professional accomplishment in the field of investment management. The CFA designation is bestowed by the Association for Investment Management and Research ("AIMR"). A person may qualify for the CFA designation with certain work experience and successful completion of three levels (designated as Levels I, II and III) of an annual examination administered by AIMR.

10. In 2000, over 70,000 persons sought the CFA certification worldwide.

11. In or about 1998, AIMR sought an author for required textbooks for the three levels of the CFA program examinations.

12. AIMR believed that Fabozzi was the most qualified choice to author and/or edit such textbooks and, as a result, the association asked Fabozzi if he would be willing to author and/or edit them. Fabozzi agreed.

13. Subsequently, Fabozzi authored the following two textbooks: <u>Fixed Income Analysis for the Chartered Financial Analyst Program</u> and <u>Fixed Income Readings for the Chartered Financial Analyst Program</u>. Both of these textbooks (hereafter, the "Original Works") were published in June 2000. Fabozzi authored the entire text of the first book and he edited the second while authoring several of the chapters.

14. Both of the Original Works are original works of authorship fixed in tangible form by Fabozzi.

15. Fabozzi filed for and obtained copyright registrations for both of the Original Works.

16. The Registration number for <u>Fixed Income Readings for the Chartered Financial Analyst Program</u> is TX-5-259-196, with a registration date of August 24, 2000.

17. The Registration number for Fixed Income Analysis for the Chartered Financial Analyst Program is TX-5-279-453, with a registration date of August 23, 2000.

18. The Original Works are for sale to persons who desire to obtain the CFA designation.

19. The Original Works have been sold and used in connection with the CFA examinations for the Level I, II and III examinations offered in 2001, 2002 and 2003.

20. ARI offers test preparation materials for all three levels of the CFA examination. The materials include, but are not limited to, "TestBank" software, written study books and/or notes called "Reading Highlights," "Flash QuizMasters" CFA Concept Questions and audio and video seminar series recordings.

21. ARI has offered its test preparation materials in 2001, 2002 and 2003. Upon information and belief, ARI intends to offer the materials for the upcoming 2004 CFA examinations.

22. Since approximately September of 2000, ARI has infringed the exclusive rights held by Fabozzi in the Original Works (hereafter, the "Infringing Works").

23. As is set forth in greater detail below, ARI's acts of infringement include both (a) extensive copying and reproduction of portions of the Original Works in violation of 17 U.S.C. §§106 and (b) violation of Fabozzi's exclusive right to make derivative works based upon the Original Works, within the meaning of 17 U.S.C. §106(2).

24. In addition, by the manner in which ARI has violated Fabozzi's exclusive rights in the Original Works, as is explained below in greater detail, ARI has implied falsely that Fabozzi endorses or approves of the use of his Original Works in the ARI study materials and that Fabozzi is somehow associated with the ARI study program.

25. ARI has infringed Fabozzi's intellectual property rights in the Original Works and with respect to his personal endorsement and right of publicity in connection with the ARI study materials prepared for all three levels of the 2001, 2002 and 2003 CFA examinations.

26. Fabozzi believes, and therefore, avers, that the ARI study materials for the upcoming 2004 CFA examinations, which will be released shortly, will infringe his intellectual property rights in a similar manner.

27. It is manifest that ARI's acts of copyright infringement were committed willfully and deliberately in that ARI specifically chose to make a commercial, profitable use of the Original Works without authorization, permission or suitable compensation.

28. ARI's willful misconduct is the apparent result of its desire to obtain commercial advantage in a highly profitable but also highly competitive market. The ARI study materials are competitive with the Original Works and are advertised and promoted as alternatives or substitutes for textbooks, such as the Original Works. In fact, ARI advertises on its website, www.allenresources.com, that "[ARI] has become the single source for CFA candidates around the world" and that ARI's "staff includes individual experts in each subject area . . . [and] [e]xperts include authors of the assigned readings [and] professors from top universities[.]" ARI further advertises that: "With A[RI], you do not need to *also* buy the [CFA] textbooks. We summarize the textbooks so you don't have to, because, well, that's *our job*, not yours. 'Passing the exam' and 'not wasting time' are the primary considerations for CFA candidates. That's why it's important for you to understand this major difference." [Emphasis in original.]

29. Fabozzi believes, and therefore avers that, since 2001, ARI has sold tens of thousands of the Reading Highlights, videos and audio tapes/CDs/DVDs at prices ranging up to four hundred and ninety five dollars per unit or more.

30. By way of example only and not by way of limitation, ARI has violated Fabozzi's rights as author of the Original Works with its 2002 study materials in at least these ways:

(a) Volume II of the ARI Reading Highlights for the 2002 Level I CFA examination (Study Sessions 14 and 15) contains a derivative work, namely an abridgement, condensation, selections or recasting of chapters 1 through 7 of Fixed Income Analysis for the Chartered Financial Analyst Program. This is found at pages 2 through 43 of Study Session 14, and pages 2 through 38 of Study Session 15 of the Reading Highlights.

(b) Volume I of the ARI Reading Highlights for the 2002 Level III CFA examination (Study Session 6) contains a derivative work, namely an abridgement, condensation, selections or recasting of chapters 1 through 3 of Fixed Income Readings for the Chartered Financial Analyst Program. This is found at pages 2 through 31 of Study Session 6 of the Reading Highlights.

31. With respect to Fabozzi's name and endorsement, the ARI study materials identified in ¶29 and ¶30 contain Fabozzi's name and the name of his textbook and/or chapter number in the ARI materials. The way that Fabozzi's name is presented and the way ARI's materials are advertised provides the reader the impression that Fabozzi is associated with, contributed to, sponsored or endorsed the ARI study materials. Nothing could be further from the truth.

32. Fabozzi believes, and therefore avers, that ARI similarly has plagiarized and misused the original works and intellectual property of other leading authors and experts in the field of finance to prepare its ARI study materials and that, therefore, the theft of Fabozzi's intellectual property is part of a continuing pattern and practice on the part of ARI.

33. Fabozzi believes, and therefore avers, that ARI has earned millions of dollars in profits since 2001 from the sale of the ARI study materials that incorporated pirated portions of the Original Works and the false endorsement of Fabozzi.

34. Fabozzi believes, and therefore avers, that ARI has, by its actions, diverted sales and caused consumers to purchase the ARI study materials instead of the Original Works.

35. Fabozzi has been forced to institute this suit to protect his rights and to recover damages for his losses and injuries.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. §501**

36. Fabozzi incorporates by reference, as if set forth fully herein, the allegations of ¶¶1 through 35, above.

37. As is set forth above, ARI's development and sale of the ARI study materials has infringed and will, unless enjoined, continue to infringe Fabozzi's exclusive rights in the Original Works, contrary to the provisions of 17 U.S.C. §106.

38. ARI's actions constitute copyright infringement and have been, at all times, willful and deliberate.

39. ARI has received substantial profits from its infringing activities.

40. Fabozzi has suffered actual damages as a result of ARI's misconduct and willful copyright infringement.

WHEREFORE, plaintiff Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates demands judgment in his favor and against defendant Allen Resources, Inc. on Count I of his Complaint as follows:

A. That Allen Resources, Inc. be permanently enjoined from infringing the copyrights in the Original Works in any manner including, without limitation, by the sale, distribution, marketing or reproduction of any ARI study materials that infringe in any way upon the copyrights in the Original Works;

B. That Allen Resources, Inc. be directed immediately to destroy all originals and copies of the Infringing Works and to provide a certificate of such destruction to the Court;

C. That plaintiff Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates be awarded a complete accounting of all sales of the ARI study materials from and after September 1, 2000;

D. That, pursuant to 17 U.S.C. §504, at his election, plaintiff Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates be awarded the greater of (i) his actual damages plus all profits of Allen Resources, Inc. attributable to its infringing activity or (ii) the highest level of statutory damages available pursuant to 17 U.S.C. §504(c); and

E. That plaintiff Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates be awarded the full costs of this action, including reasonable attorney fees.

**COUNT II**
**FALSE ADVERTISING**
**15 U.S.C. §1125(a)**

41. Fabozzi incorporates by reference, as if set forth fully herein, the allegations of ¶¶1 through 40, above.

42. Section 43(a) of The Lanham Act, 15 U.S.C. §1125(a), makes it unlawful to falsely imply the endorsement of one's products or services by a real person.

43. By prominently displaying Fabozzi's name and the titles of the Original Works on the ARI study materials, ARI repeatedly has made false or misleading representations of fact that are likely to cause confusion or mistake among consumers in the market for test preparation

materials for the CFA examinations because the advertising creates the deceptive impression that Fabozzi sponsors, endorses or is associated with ARI and its products and services.

44. ARI's false advertising and use of these false endorsements has damaged Fabozzi and has been accomplished willfully and intentionally.

WHEREFORE, plaintiff Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates demands judgment in his favor and against defendant Allen Resources, Inc. on Count II of his Complaint and requests a permanent injunction against further use of his endorsement as well as damages in an amount in excess of $150,000, plus interest, costs, attorney fees and such other and further relief as the Court deems just.

**COUNT III**
**MISAPPROPRIATION OF RIGHT OF PUBLICITY/**
**UNAUTHORIZED USE OF NAME OR LIKENESS 42 Pa. C.S. §8316**

45. Fabozzi incorporates by reference, as if set forth fully herein, the allegations of ¶¶1 through 44, above.

46. Fabozzi possesses a right of publicity to use his name and persona for commercial opportunities in the field of finance and investment management. As Such, Fabozzi's name or likeness has commercial value.

47. ARI has misappropriated Fabozzi's name and persona without permission or consent to market the ARI study materials. Therefore, ARI has used Fabozzi's name and likeness for commercial purposes without authorization.

48. ARI's actions have damaged Fabozzi.

49. ARI had actual knowledge that its use of Fabozzi's name and likeness was not authorized. Moreover, ARI's actions have been willful, malicious and deliberate, justifying an award of punitive damages.

WHEREFORE, plaintiff Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates demands judgment in his favor and against defendant Allen Resources, Inc. on Count III of his Complaint and requests a permanent injunction against further use of his name and persona as well as damages in an amount in excess of $150,000, plus interest, costs, attorney fees and such other and further relief as the Court deems just.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

50. Fabozzi incorporates by reference, as if set forth fully herein, the allegations of ¶¶1 through 49, above.

51. ARI's actions have damaged Fabozzi.

52. The actions of ARI detailed in this Complaint constitute common law unfair competition accomplished in a willful, malicious and deliberate manner, justifying an award of punitive damages.

WHEREFORE, plaintiff Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates demands judgment in his favor and against defendant Allen Resources, Inc. on Count IV of his Complaint in an amount in excess of $150,000, together with costs, interests, attorney fees and such further relief as the Court deems just.

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

By: [signature] 9/11/03

Michael K. Coran, Esquire (I.D. #55876)
John F. Letchford, Esquire (I.D. #77000)
Lisa A. Lori, Esquire (I.D. #83814)
260 South Broad Street, 4th Floor
Philadelphia, PA 19102
Telephone: 215-568-6060

Attorneys for Plaintiff
Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates