**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ALLEN RESEARCH, INC,<br>Plaintiff,<br><br>v.<br><br>GORDON ROBERTS,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-191-ML |

**ANSWER AND COUNTERCLAIM**
**OF DEFENDANT GORDON ROBERTS**

**Parties**

Defendant Gordon Roberts ("Roberts") hereby answers the Complaint as follows:

1. Roberts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Roberts admits the allegations in paragraph 2 of the Complaint.

**Jurisdiction**

3. The statement in paragraph 3 of the Complaint states a legal conclusion as to which no response is required.

4. With respect to the allegations in paragraph 4 of the Complaint, Roberts states only that he admits that this Court has personal jurisdiction over him for purposes of this lawsuit.

**"Facts"**

5. Roberts admits the allegations in paragraph 5 of the Complaint.

6. Roberts admits the allegations in paragraph 6 of the Complaint.

7. With respect to the allegations in paragraph 7 of the Complaint, Roberts admits only that ARI hires Ph.D. level specialists. Roberts lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8. Roberts admits the allegations in paragraph 8 of the Complaint.

9. With respect to the allegations in paragraph 9 of the Complaint, Roberts admits only that he represented that he was affiliated with the Schulich School of Business of York University and that he brought to ARI's attention the fact that it was using unoriginal materials prepared by others.

10. As to the first sentence in paragraph 10 of the Complaint, Roberts admits only that he agreed to prepare study materials, for a fee, to be used by ARI. The allegations in the second sentence are denied.

11. Roberts admits the allegations in paragraph 11 of the Complaint.

12. Roberts admits the allegations in paragraph 12 of the Complaint.

13. With respect to the allegations in paragraph 13 of the Complaint, Roberts admits only that he was paid a fee for some of the materials he prepared for ARI.

14. With respect to the allegations in paragraph 14 of the Complaint, Roberts admits that he never told ARI that the materials he provided "were anything less than entirely his own works."

15. Roberts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Roberts denies the allegations in paragraph 16 of the Complaint.

17. Roberts lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Roberts admits the allegations in paragraph 18 of the Complaint.

**Count I**

**("Breach of Contract")**

19. Roberts incorporates by reference his responses to the foregoing allegations.

20. With respect to the allegations in paragraph 20 of the Complaint, Roberts admits only that he and ARI entered into a contract entitled "CONTRACT FOR VIDEO TAPING AND/OR LIVE PRESENTATION SERVICES" and that that document speaks for itself.

21. Roberts denies the allegations in paragraph 21 of the Complaint.

22. Roberts denies the allegations in paragraph 22 of the Complaint.

23. Roberts denies the allegations in paragraph 23 of the Complaint.

**Count II**

**(Breach Of Implied Covenant of Good Faith and Fair Dealing)**

24. Roberts incorporates by reference his responses to the foregoing allegations.

25. With respect to the allegations in paragraph 25 of the Complaint, Roberts admits only that he and ARI entered into a written contract entitled "CONTRACT FOR VIDEO TAPING AND/OR LIVE PRESENTATION SERVICES" and that that document speaks for itself.

26. Roberts denies the allegations in paragraph 26 of the Complaint.

27. Roberts denies the allegations in paragraph 27 of the Complaint.

28. Roberts denies the allegations in paragraph 28 of the Complaint.

**Count III**

**(Negligent Misrepresentation)**

29. Roberts incorporates by reference his responses to the foregoing allegations.

30. With response to the allegations in paragraph 30 of the Complaint, Roberts admits only that he agreed to provide study materials, for a fee, to be used by ARI; and that he brought to ARI's attention the fact that it was using unoriginal materials prepared by others.

31. Roberts denies the allegations in paragraph 31 of the Complaint.

32. Roberts denies the allegations in paragraph 32 of the Complaint.

33. Roberts denies the allegations in paragraph 33 of the Complaint.

## Count IV

## (Indemnification)

34. Roberts incorporates by reference his responses to the foregoing allegations.

35. With respect to the allegations in paragraph 35 of the Complaint, Roberts (i) lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "ARI paid Fabozzi for the claims arising from the Copyright Litigation" and (ii) denies the remaining allegations in this paragraph.

36. Roberts denies the allegations in paragraph 36 of the Complaint.

## Count V

## (Contribution)

37. Roberts incorporates by reference his responses to the foregoing allegations.

38. Roberts denies the allegations in paragraph 38 of the Complaint.

39. Roberts denies the allegations in paragraph 39 of the Complaint.

40. Roberts denies the allegations in paragraph 40 of the Complaint.

## First Affirmative Defense

The Complaint fails in whole or in part to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff breached the purported contract, thereby relieving Roberts of his purported duties thereunder.

**Third Affirmative Defense**

If the plaintiff suffered damages as alleged, then such damages were caused by the acts and /or omissions of third persons, for whose conduct Roberts was not legally responsible.

**Fourth Affirmative Defense**

Plaintiff failed to notify Roberts, its purported indemnitor, of the sum plaintiff intended to pay Fabozzi before paying that sum to him.

**Fifth Affirmative Defense**

Plaintiff failed to provide timely notice to Roberts, its purported indemnitor, of the claim by Fabozzi.

**Sixth Affirmative Defense**

Plaintiff's damages, if any, were caused in whole or in part by its own actions.

**Request For Relief**

WHEREFORE, Roberts requests that the Court

A. Enter judgment in favor of Roberts and against ARI on each and every count of the Complaint;

B. Award Roberts its costs and attorney fees pursuant to R.I. Gen. Laws §9-1-45; and

C. Award Roberts such further relief, as this Court deems appropriate.

## COUNTERCLAIM

Defendant Gordon Roberts ("Roberts") herewith asserts the following counterclaim against plaintiff Allen Resources, Inc. ("ARI").

### Parties

1. Roberts is an individual residing in Canada.

2. ARI is a corporation with a place of business in Rhode Island.

### Subject-Matter Jurisdiction

3. This Court has subject-matter jurisdiction over this counterclaim pursuant to F.R. Civ. P. 13.

### Factual Background

4. Roberts agreed to provide study materials to ARI for a fee. ARI agreed to pay for those materials.

5. Roberts provided the study materials to ARI as agreed. ARI, however, has failed and refused to pay for them.

### Count I

### Breach of Contract

6. Roberts incorporates by reference the allegations in paragraphs 1-5 above.

7. ARI breached its agreement to pay Roberts for study materials provided by Roberts to ARI. As a proximate result of that breach, Roberts has been damaged in an amount to be determined at trial.

### Count II

### Quantum Meruit

8. Roberts incorporates by reference to allegations in paragraphs 1-5 above.

9. Roberts performed valuable services and furnished study materials to ARI. ARI accepted and used those services and materials under such circumstances as reasonably notified ARI that Roberts expected to be paid for those services and materials.

WHEREFORE, Roberts requests that the Court

A. Enter judgment in favor of Roberts and against ARI on each and every count of the counterclaim;

B. Award ARI compensatory damages plus costs, interest and attorney fees pursuant to R.I. Gen. Laws §9-1-45; and

C. Award Roberts such further relief, as this Court deems appropriate.

GORDON ROBERTS

By His Attorneys,

Mark A. Pogue (#3441)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
401-274-9200
401-276-6611 Telecopy

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

**Certificate of Service**

I hereby certify that on the 3rd day of June, 2005 a copy of the foregoing Answer And Counterclaim was served by first class mail, postage prepaid to:

Craig M. Scott, Esq.
Duffy Sweeney & Scott
One Turks Head Place, Suite 1200
Providence, RI 02903