UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| v. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**PROTECTIVE ORDER**

Plaintiff, Allen Resources, Inc., and defendant, Gordon Roberts, through their counsel, stipulate and agree, pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in public domain due to a designating party's voluntary publication shall govern any discovery, including discovery from non-parties, in this action.

1. Any signatory hereto may designate as "Confidential" any document produced in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, the transcript of any deposition (or portions thereof) taken in this action, or any information given by interrogatory answer. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information."

2. With respect to any document which has been or may be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given, and in the case of documents produced and answers given prior to the date of this Protective Order, within 60 days after such document is produced or answer given, by placing upon it a legend stating "Confidential." With respect to any deposition exhibit or transcript (or portions thereof)

a confidential designation shall be made on the record at the deposition or within thirty (30) days of receipt of the deposition transcript or thirty (30) days from the date of this Order, whichever is later, and the transcript (or portions thereof) of such deposition shall be so marked.

3. Subject to paragraphs 4, 5 and 6 below, Confidential Information designated "Confidential" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) the parties to this case;

(b) counsel of record and office personnel employed and assisting them in this case;

(c) any expert, investigator or consultant retained by counsel in connection with this case;

(d) the Court, mediator or arbitrator before whom this case is pending; and

(e) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

4. Confidential Information deemed to be sufficiently sensitive to limit access to such information to counsel of record shall be designated "Confidential - Attorneys Eyes Only." Confidential Information designated "Confidential - Attorneys Eyes Only" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) counsel of record and office personnel employed and assisting them in this case;

(b) any outside, non-party expert, investigator or consultant, retained by counsel in connection with this case;

(c) the Court, mediator or arbitrator before whom this case is pending; and

(d) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

No such information shall be disclosed to any party.

5. Any pleading, brief, or other document which refers to or incorporates any Confidential Information shall be filed with the Court in this case under seal.

6. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever.

7. Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraph 3(a), 3(c) or 4(b) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit "A." Any Declaration executed pursuant to this paragraph 7 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

8. This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

9. Any signatory hereto, upon duly noticed motion, may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "Confidential" or "Confidential - Attorney's Eyes Only."

10. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

11. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

STIPULATED AND AGREED TO:

Plaintiff,
By Its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700

Defendant,
By His Attorney,

Mark A. Pogue, Esq. (#3441)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
Telephone: (401) 274-9200

Dated: October 27, 2005

ENTERED AS AN ORDER of this Court this 31st day of October, 2005

ORDER:

Barbara Barletta

ENTERED:

Mary M. Lisi
USDJ