UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLEN RESOURCES, INC.,

Plaintiff,

v. C.A. No. 05-191ML

GORDON ROBERTS,

Defendant.

**MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to F.R. Civ. P. 37, Defendant Gordon Roberts ("Defendant") hereby moves for an order compelling Plaintiff Allen Resources, Inc. to respond to Defendant's First Request for Production of Documents Nos. 2, 4, 10, 11, 12 and 13 within ten (10) days of the date this motion is granted. As shown below, to the extent ARI has objected to these requests on the basis that producing these documents will violate a confidentiality order, the objections should be overruled.

**Background**

On March 11, 2005, Plaintiff initiated this action against Prof. Roberts by filing a Complaint alleging breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, indemnification and contribution. At the core of ARI's claims against Prof. Roberts is the settlement of a law suit brought by Frank J. Fabozzi d/b/a Frank J. Fabozzi Associates against ARI (the "Copyright Litigation") alleging that ARI had infringed upon copyrights that Fabozzi held for study materials relating to the Chartered Financial Analyst examination. (See Complaint at ¶ 15 & Ex. 1.) In particular, ARI asserts that

Prof. Roberts breached his contract with ARI and breached the covenant of good faith and fair dealing by using Fabozzi's copyrighted study materials and presenting them to ARI as his own, original work. (See Complaint at ¶ 19-28.) Moreover, ARI claims that Prof. Roberts misrepresented that his study materials were original works. (See Complaint at ¶ 29-33.) Lastly, ARI claims that it is entitled to indemnification and contribution from Prof. Roberts for ARI's damages and losses to Fabozzi, in relation to settling the Copyright Litigation. (See Complaint at ¶ 35, 36, 38 & 39.) Indeed, in response to an interrogatory propounded by Defendant, Plaintiff asserted that "ARI seeks compensatory damages from Roberts in this litigation, which include: i) the sums ARI was required to pay Fabozzi as part of the settlement." In response to ARI's Complaint, Prof. Roberts asserted that ARI failed to give him adequate notice of Fabozzi's claims and failed to notify Prof. Roberts of any proposed settlement sum. (See Answer and Counterclaim at 5.)

Defendant served a requests for production of documents on Plaintiff. ARI responded that it could not produce much of the material and information requested, particularly that material which related to the Copyright Litigation, or the accompanying mediation and settlement, because it was barred from doing so by a confidentiality agreement between Fabozzi and ARI. In an attempt to resolve the discovery disputes in this matter, the parties conferred numerous times via telephone and written correspondence. As a result, on October 31, 2005 the parties entered into a Protective Order, which permits ARI and/or Prof. Roberts to designate documents as "Confidential."

The Protective Order, however, did not resolve all of the issues surrounding ARI's assertion that it can not produce some documents without violating the confidentiality agreement. (See Excerpt from Letter dated November 3, 2005 from Kurt Hague to Mark Pogue,

attached hereto as Exhibit A.) In a letter dated November 3, 2005, enclosing responsive documents, counsel for Plaintiff indicated:

> You will find gaps in the numbering corresponding to documents . . . reflecting additional documents that are being withheld because they were provided to ARI by Fabozzi pursuant to a confidentiality agreement. While the entry of the Protective Order facilitated the production of ARI's confidential information, it does not resolve the issues relating to confidential materials provided to ARI by Fabozzi.

(See Ex. A.) As such, Defendant now requests that this Court issue an order requiring Plaintiff to produce the requested documents and information.

**Argument**

In response to Document Requests Nos. 2, 4, and 10-13, Plaintiff asserts that the requests seek "production of confidential information as the documents requested were subject to a confidentiality agreement." (See Excerpts from Plaintiff's Responses to Defendant's Requests for Production of Documents, attached hereto as Exhibit B.) As a preliminary note, to the extent that documents have been withheld based on the confidentiality agreement between Fabozzi and ARI, Plaintiffs should be required to produce a privilege log describing each such document. Moreover, as noted above, Plaintiff's claims are based largely on the settlement of Fabozzi's lawsuit against ARI; specifically, Plaintiff claims Prof. Roberts breached his contract by infringing on Fabozzi's copyrights; Plaintiff claims that Prof. Roberts represented his work as original when, in fact, it was Fabozzi's work; and, Plaintiff claims that Prof. Roberts must contribute to the settlement of the Copyright Litigation and indemnify ARI for any amounts it paid to Fabozzi in connection with that settlement. Because essentially all of Plaintiff's claims are based on Fabozzi's copyright infringement suit, correspondence between Fabozzi and ARI is relevant and calculated to lead to the discovery of additional admissible evidence regarding

ARI's claims. Moreover, because ARI's damages are based largely on the settlement with Fabozzi, documents relating to that settlement are crucial to defending this suit. Lastly, because Prof. Roberts claims that he was not given a meaningful opportunity to participate in the mediation and settlement of the Copyright Litigation, any documents related thereto are relevant to the instant case.

Having brought this suit against Prof. Roberts for indemnification and contribution based on the Copyright Litigation settlement, Plaintiff should not now be permitted to withhold documents that relate to that litigation, or the mediation or settlement thereof. As such, Defendant is entitled to any and all documents evidencing correspondence between Fabozzi and ARI, contracts between Fabozzi and ARI, and any documents, which relate to the Copyright Litigation, its mediation or settlement.

Additionally, in response to Requests Nos. 1 – 3, 10 – 12 and 14, Plaintiff objects on the basis that the requests seek the production of documents protected from disclosure by the attorney-client privilege and the work product doctrine. To the extent that Plaintiff withheld responsive documents on the basis of these privileges, it should be required to provide Defendant with a privilege log of such documents.

**Conclusion**

For the foregoing reasons, Defendant Gordon Roberts requests that this Court grant an order compelling Plaintiff to produce the requested documents in response to Defendant's First Request for Production of Documents Nos. 2, 4, 10, 11, 12 and 13.

GORDON ROBERTS

By his Attorneys,

Mark A. Pogue (#3441)
Jillian S. Folger-Hartwell (#6970)
EDWARDS ANGELL PALMER &
DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy

**CERTIFICATE OF GOOD FAITH**

The counsel for Defendant hereby certifies that they have made efforts in good faith to confer with opposing counsel concerning the issues raised in this motion, and that those efforts have been unsuccessful, necessitating the filing of this motion.

Mark A. Pogue

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of December 2005, I caused a true copy of the within Motion to be delivered by regular mail, postage prepaid to:

Craig M. Scott
Kurt W. Hague
Duffey Sweeny & Scott, Ltd.
One Turks Head Place
Providence, Rhode Island 02903