UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-191-ML |
| | : | |
| GORDON ROBERTS, | : | |
| | : | |
| Defendant. | : | |

**EXCERPTS FROM PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 2:**

All documents which constitute, refer or relate to any communications between ARI and Frank Fabozzi ("Fabozzi").

**RESPONSE TO REQUEST NO. 2:**

ARI objects to this request on the ground that it: i) is overly broad and unduly burdensome; ii) seeks production of documents protected by the attorney-client privilege and the work product doctrine; and iii) seeks production of confidential documents as the documents requested were the subject of a confidentiality agreement. Without waiving said objections and specifically subject thereto, ARI states that it has contacted counsel for Fabozzi concerning Roberts' requests for documents and has requested authorization to disclose the documents Roberts seeks in the request. ARI will supplement its response to this request when the issue is resolved. ARI expects that a confidentiality agreement and protective order will be required.

**REQUEST NO. 4:**

Any contract or agreement between ARI and Fabozzi.

**RESPONSE TO REQUEST NO. 4:**

ARI objects to this request on the ground that it: i) is overly broad and unduly burdensome; and ii) seeks the production of confidential documents as the requested documents were the subject of a confidentiality agreement. Without waiving said objections and specifically subject thereto, ARI states that it has contacted counsel for Fabozzi concerning Roberts' requests for documents and has requested authorization to disclose the documents Roberts seeks in the request. ARI will supplement its response to this request when the issue is resolved. ARI expects that a confidentiality agreement and protective order will be required.

**REQUEST NO. 10:**

Copies of all documents concerning or relating to the litigation referenced in paragraph 15 of the Complaint, including pleadings, briefs, correspondence, filings and notes.

**RESPONSE TO REQUEST NO. 10:**

ARI objects to this request to the extent that it: i) is overly broad and unduly burdensome; ii) seeks production of documents protected from disclosure by the attorney-client privilege and the work product doctrine; and iii) seeks production of confidential information as the documents requested were subject to a confidentiality agreement. Without waiving said objections and specifically subject thereto, ARI states that it has contacted counsel for Fabozzi concerning Roberts' requests for documents and has requested authorization to disclose the documents Roberts seeks in the request. ARI will supplement its response to this request when the issue is resolved. ARI expects that a confidentiality agreement and protective order will be required. ARI will produce non-privileged and non-protected responsive documents that are not the subject of the confidentiality agreement.

**REQUEST NO. 11:**

Copies of all documents concerning or relating to the mediation and settlement referenced in paragraph 17 of the Complaint, including pleadings, briefs, statements, correspondence, filings and notes.

**RESPONSE TO REQUEST NO. 11:**

ARI objects to this request to the extent that it: i) is overly broad and unduly burdensome; ii) seeks production of documents protected from disclosure by the attorney-client privilege and the work product doctrine and; iii) seeks production of confidential information as the documents requested were subject to a confidentiality agreement. Without waiving said objections and specifically subject thereto, ARI states that it has contacted counsel for Fabozzi concerning Roberts' requests for documents and has requested authorization to disclose the documents Roberts seeks in the request. ARI will supplement its response to this request when the issue is resolved. ARI expects that a confidentiality agreement and protective order will be required.

**REQUEST NO. 12:**

Copies of all documents concerning or relating to the settlement referenced in paragraph 17 of the Complaint.

**RESPONSE TO REQUEST NO. 12:**

ARI objects to this request to the extent that it: i) is overly broad and unduly burdensome; ii) seeks production of documents protected from disclosure by the attorney-client privilege and the work product doctrine; and iii) seeks production of confidential information as the documents requested were subject to a confidentiality agreement. Without waiving said objections and specifically subject thereto, ARI states that it has contacted counsel for Fabozzi concerning Roberts' requests for documents and has requested authorization to disclose the documents

Roberts seeks in the request. ARI will supplement its response to this request when the issue is resolved. ARI expects that a confidentiality agreement and protective order will be required.

**REQUEST NO. 13:**

All documents evidencing any payments made by Fabozzi by ARI in relation to the settlement referenced in paragraph 15 of the Complaint.

**RESPONSE TO REQUEST NO. 13:**

ARI objects to this request on the ground that it: i) is confusing as currently worded and not susceptible to response; and ii) seeks production of confidential information as the documents requested were the subject to a confidentiality agreement. Without waiving said objections and specifically subject thereto, ARI states that it does not understand what Roberts means by the statement "payments made by Fabozzi by ARI." To the extent that Roberts is seeking documents evidencing payments made to Fabozzi by ARI, ARI states that it has contacted counsel for Fabozzi concerning Roberts' requests for documents and has requested authorization to disclose the documents Roberts seeks in the request. ARI will supplement its response to this request when the issue is resolved. ARI expects that a confidentiality agreement and protective order will be required.