UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| v. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Allen Resources, Inc. ("ARI") hereby responds to the First Set of Interrogatories served by Defendant Gordon Roberts ("Roberts") as follows:

**INTERROGATORY NO. 1:**

Identify yourself in full by providing your name and your principal place of business. To the extent that you consulted any other person or any documents in preparing any of your responses to these interrogatories, separately for each interrogatory, identify all such persons and documents.

**RESPONSE TO INTERROGATORY NO. 1:**

ARI objects to this interrogatory on the grounds that it: i) seeks information beyond the scope of Fed. R. Civ. P. 26; and ii) is compound and converts each of Roberts' individual interrogatories into at least three interrogatories, including subparts, thereby exceeding the 25 interrogatory limit imposed by Fed. R. Civ. P. 33. Without waiving said objections and subject specifically thereto, Lawrence Allen, President of ARI, prepared these answers to interrogatories and consulted with counsel regarding same. His principal place of business is 1130 Ten Rod Road, Building E, North Kingstown, RI 02852.

**INTERROGATORY NO. 2:**

Identify each person known to you, your attorney or anyone acting on your behalf to have any knowledge of any of the facts at issue in this litigation. With respect to all such individuals, identify the facts about which you believe he or she has knowledge.

27. Marsh 1, 2004: ARI's counsel writes to Roberts' last known counsel enclosing a copy of the Complaint and Summons in this matter and requesting that Roberts' counsel accept service.

28. March 24, 2005: Roberts' counsel contacts ARI's counsel and states that he is not authorized to accept service. Roberts' counsel states, however, that he is authorized to discuss what ARI would accept to resolve the dispute.

29. March 28, 2005: Roberts' counsel writes to ARI's counsel and restates that he will not accept service of the Complaint and Summons.

**INTERROGATORY NO. 7:**

Identify all communications between ARI and Frank Fabozzi ("Fabozzi") concerning the facts at issue in the litigation or the litigation referenced in paragraph 15 of the Complaint. Set forth the dates such communications took place and the substance of all such communications.

**RESPONSE TO INTERROGATORY NO. 7:**

ARI objects to this interrogatory on the ground that it seeks the production of confidential information as the information requested was the subject of a confidential mediation and confidential settlement. Without waiving said objections and subject specifically thereto, ARI has contacted counsel for Fabozzi concerning Roberts' requests for information and has requested authorization to disclose the information Roberts seeks in this interrogatory. ARI will supplement its answer to this interrogatory when the issue is resolved. ARI expects that a confidentiality agreement and protective order will be required.

**INTERROGATORY NO. 8:**

Identify all communications and/or documents which relate to the allegation in paragraph 10 of the Complaint that "ARI contracted with Roberts to prepare original fixed income materials to be included in the ARI Study System."

**RESPONSE TO INTERROGATORY NO. 8:**

ARI objects to this interrogatory on the ground that it is duplicative of Interrogatory No. 6 and refers Roberts to its answer to that interrogatory. Further answering, pursuant to

deposition of Roberts, will provide evidence of additional non-original works Roberts provided to ARI.

**INTERROGATORY NO. 12:**

Provide a detailed chronology of the mediation and settlement referenced in paragraph 17 of the Complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

ARI objects to this interrogatory on the grounds that it is: i) overly broad and unduly burdensome; and ii) seeks the production of confidential information as the mediation and settlement referenced in paragraph 17 of the Complaint were subject to a confidentiality agreement. Without waiving said objections and subject specifically thereto, ARI has contacted counsel for Fabozzi concerning Roberts' requests for information and has requested authorization to disclose the information Roberts seeks in this interrogatory. ARI will supplement its answer to this interrogatory when the issue is resolved. ARI expects that a confidentiality agreement and protective order will be required.

**INTERROGATORY NO. 13:**

Describe in detail the terms of the settlement referenced in paragraph 17 of the Complaint. State how much money ARI has paid to Fabozzi to date pursuant to the settlement.

**RESPONSE TO INTERROGATORY NO. 13:**

ARI objects to this interrogatory on the ground that it seeks the production of confidential information as the settlement referenced in paragraph 17 of the Complaint was subject to a confidentiality agreement. Without waiving said objections and subject specifically thereto, ARI has contacted counsel for Fabozzi concerning Roberts' requests for information and has requested authorization to disclose the information Roberts seeks in this

interrogatory. ARI will supplement its answer to this interrogatory when the issue is resolved.

ARI expects that a confidentiality agreement and protective order will be required.

**INTERROGATORY NO. 14:**

State all facts which support the allegations in paragraph 16 of the Complaint that "ARI requested . . . that Roberts assist ARI in defense of the Copyright Litigation, and kept Roberts apprised, directly and through his counsel, as to the status of the lawsuit."

**RESPONSE TO INTERROGATORY NO. 14:**

ARI refers Roberts to its answer to Interrogatory No. 6 and the communications identified therein.

**INTERROGATORY NO. 15:**

State all facts which support the allegations in paragraph 22 of the Complaint that "Roberts breached the contract by failing to provide original fixed income materials for incorporation into the ARI Study System."

**RESPONSE TO INTERROGATORY NO. 15:**

ARI entered into a contract with Roberts for Roberts' provision of original fixed-income materials. Roberts agreed to provide original fixed-income materials for incorporation into the ARI Study System. ARI paid Roberts, a university professor, substantial sums of money for his ability to develop original work pursuant to the contract. At the time the Fabozzi litigation was pending, Roberts reaffirmed that the materials he provided to ARI were original. Roberts failed to provide original materials. Roberts' failure to provide original materials constitutes a breach of the contract. ARI has been damaged thereby.

**INTERROGATORY NO. 16:**

State all facts which support the allegations in paragraph 27 of the Complaint that "Roberts breached his implied covenant of good faith and fair dealing."