UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLEN RESOURCES, INC. :
:
vs. : C.A. NO. 05-191-ML
:
GORDON ROBERTS :

**PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND TO COMPEL PRODUCTION OF ADDITIONAL DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 12, plaintiff, Allen Resources, Inc. ("ARI"), hereby moves for an order compelling defendant, Gordon Roberts ("Roberts"), within twenty (20) days to: i) provide more responsive answers to ARI's First Set of Interrogatories, specifically Interrogatory Nos. 5-11; and ii) produce all documents responsive to ARI's Requests for Production Nos. 4-8, 9-12 and 15. In support of this motion, ARI relies on the accompanying memorandum of law.

ARI makes this motion after conferring in good faith with Roberts in an effort to secure the requested discovery without Court action.

Allen Resources Inc.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700
Fax: (401) 455-0701

Dated: December 15, 2005

**CERTIFICATION**

To:

Mark Pogue, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, Rhode Island 02903

I hereby certify that a true copy of the within *Plaintiff's Motion to Compel More Responsive Answers to Plaintiff's First Set of Interrogatories and to Compel Production of Additional Responsive Documents* was sent via hand delivery to the above, on the 16th day of December, 2005.

*H:\Clients\Allen Resources\Roberts\Pleadings\USDC\Motion to Compel Responses to Interrogatories and RFP.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| vs. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND TO COMPEL PRODUCTION OF ADDITIONAL RESPONSIVE DOCUMENTS**

Plaintiff, Allen Resources, Inc. ("ARI"), submits this Memorandum of Law in Support of its Motion to Compel More Responsive Answers to Plaintiff's First Set of Interrogatories and to Compel Production of Additional Responsive Documents. Defendant, Gordon Roberts ("Roberts") objected to several of ARI's interrogatories and document requests on the grounds that the defined term the "Disputed Work" was vague and ambiguous. Despite ARI's repeated explanations and clarifications of the meaning of that term, Roberts has not provided more responsive interrogatory answers or additional responsive documents.

## BACKGROUND

### A. ARI's Business, the ARI Study System and Roberts' Work for ARI.

ARI is a test preparation course provider for the Chartered Financial Analyst ("CFA") examination and offers written study guides, DVD and CD-ROM video seminars, problem solving videos, testing software, and a quiz book, among other materials (these materials are collectively referred to as the "ARI Study System") to prepare its clients for the CFA exam.

Developing the ARI Study System is an expensive undertaking and constitutes a significant portion of ARI's budget. ARI hires Ph.D.-level specialists, such as Roberts, who

contract with ARI to create independent works for the various disciplines tested on the CFA exam. Roberts wrote the CFA fixed income materials for ARI and developed videotape materials to be incorporated into the ARI Study System. Based on his experience in the fixed income field, and his representation to ARI that he would prepare original materials for the company, ARI hired Dr. Roberts to prepare the fixed income materials for several years. ARI paid Dr. Roberts substantial sums of money for his work product. (See Complaint ¶¶ 5-14).

**B. The Fabozzi Litigation and Roberts' Failure to Assist ARI.**

In 2003, Frank Fabozzi ("Fabozzi"), a well known author in the field of fixed income investments, sued ARI in the United States District Court for the Eastern District of Pennsylvania (the "Fabozzi Litigation"). Fabozzi asserted that the ARI fixed income material, prepared by Roberts, infringed certain copyrights owned by Fabozzi. Fabozzi alleged that the infringement began in 2000 and coincided with the publication of two of his textbooks. (See Complaint ¶ 15).

To assist in ARI's defense of the Fabozzi Litigation, ARI reached out to Roberts and ARI requested information to rebut in court-ordered mediation Fabozzi's claims that his copyrights are protectable and enforceable against ARI, and that ARI, by its use of Roberts' material, engaged in actionable copying. Roberts refused to participate in ARI's defense. He remained in Canada, failed to provide information in defense of his work product and did not appear at court-ordered mediation. The mediation resulted in a monetary settlement. ARI paid significant sums of money to Fabozzi to resolve the case. Roberts refused to contribute to the settlement. (See Complaint ¶¶ 28-33).

**C. ARI's Claims Against Roberts in this Case.**

In March 2005, ARI filed the instant action in Providence County Superior Court and Roberts subsequently removed the case to this Court. ARI alleged that Roberts breached his contract to provide original fixed income materials, breached his implied covenant of good faith and fair dealing to ARI, engaged in negligent misrepresentation with respect to his claim that he will prepare original fixed income materials to be included in the ARI Study System and sought indemnification and contribution arising from the monies ARI paid Fabozzi and others to resolve the Fabozzi Litigation. ARI made clear that all work that Roberts performed for ARI from 2000 forward was within the scope of its claims in both the Complaint and ARI's Pretrial Conference Statement. (See Complaint, ¶¶ 11, 15; ARI's Pretrial Conference Statement at 1-2).

**D. ARI's Discovery Requests to Roberts.**

ARI served Roberts with its First Set of Interrogatories and First Request for Production of Documents (ARI's "Discovery Requests") on July 7, 2005. Through its Discovery Requests, ARI sought to discover information and documents concerning the relationship between Roberts and ARI and the work Roberts performed for inclusion in the ARI Study System that lead to the Fabozzi Litigation. In its Discovery Requests, ARI defined the term the "Disputed Work" as "the work [Roberts] performed for ARI that is the subject of this litigation." Throughout the remainder of ARI's Discovery Requests, ARI referred to the "Disputed Work," rather than repeat "the work Roberts performed . . ." over and over again.

ARI adopted this defined term so that the scope of its Discovery Requests was limited to its claims in this case and to foreclose the possibility that Roberts would object on the ground that ARI's requests were overbroad and not reasonably calculated to lead to the discovery of admissible evidence.[1]

### E. Roberts' Objection to the Term "Disputed Work" and ARI's Clarifications.

Roberts responded to ARI's Discovery Requests on September 16, 2005. In his responses, Roberts objected to Interrogatories Nos. 5-11 and Document Requests 4-8, 10-12 and 15 on the ground that the interrogatories and requests were "vague and ambiguous because Plaintiff has not identified what the 'Disputed Work' is, or otherwise identified exactly what materials provided by Roberts were allegedly not original." (See, e.g., Excerpts from Roberts' Answers to ARI's First Set of Interrogatories, attached hereto as Exhibit A).

Just over two weeks later, counsel for ARI conferred with Roberts' counsel concerning this issue. During this telephone conference, counsel for ARI explained that the "Disputed Work" referred to all work Roberts performed for ARI from 2000 forward. ARI memorialized this in a letter dated October 6, 2005 with the following explanation:

> As we discussed last week, ARI's breach of contract claim, as set forth in the Complaint, is not limited to particular works that Roberts submitted to ARI. Rather, it relates to all work that Roberts performed for ARI from the start of his engagement through the commencement of this lawsuit. In addition, the phrase "Disputed Work" was defined in the discovery requests themselves as "the work [that Roberts performed] for ARI that is the subject of this litigation." So, as used in ARI's discovery requests, the "Disputed Work" means all work that Roberts performed for ARI at any time. I hope that this

---

[1] Ironically, Roberts objected to ARI's Document Request No. 13, which sought "All documents that concern, refer or relate to ARI," on the grounds that the request was overly broad and not reasonably calculated to lead to the discovery of admissible evidence. This is precisely the type of objection ARI sought to avoid by adopting the defined term the "Disputed Work."

> explanation is helpful and we look forward to receiving supplemental answers to interrogatories and supplemental document responses based on this clarification.

(See Kurt Hague, Esq. letter to Mark Pogue, Esq. dated October 6, 2005 attached as Exhibit B hereto).

Roberts failed to provide supplemental responses to the Discovery Requests. ARI's counsel wrote to Roberts' counsel again on November 3, 2005 to request supplemental responses. In that letter, ARI's counsel offered the following further clarification:

> As I explained on the phone and in my October 6, 2005 letter, the phrase "the Disputed Work" encompasses all work that Roberts performed for ARI. For example, Request No. 4 sought "all work papers and other materials created by Roberts in connection with the work he performed for ARI that is the subject of this litigation (the "Disputed Work")." Based on this clarification, Request No. 4 should be understood to request all work papers and other materials created by Roberts in connection with the work he performed for ARI. This clarification applies to each of ARI's discovery requests that contain the term "the Disputed Work." As it has now been over one month since we discussed this issue, I ask that you please respond and set forth your client's position in detail and in writing if this clarification is not sufficient. The universe of work that Roberts performed for ARI is rather limited, so it should not be much work for Roberts to compile the supplemental responses based on this clarification.

(See Kurt Hague, Esq. letter to Mark Pogue, Esq. dated November 3, 2005 attached as Exhibit C hereto). Counsel for Roberts did not seek any further clarification.

### F. The Information and Documents Roberts Failed to Produce.

To date, despite ARI's efforts to clarify any vagueness Roberts perceived in the term the "Disputed Work" as that term is used in ARI's Discovery Requests, Roberts has not supplied more responsive interrogatory answers or provided the requested documents. The information and documents ARI seeks are crucial to resolution of the issues in this case and

must be produced. The following list, organized by Interrogatory and Document Request, identifies the information and documents Roberts failed to provide.

**Interrogatories**

5. Identify all steps Roberts took in performing the Disputed Work.

6. Identify all instructions Roberts was given by ARI in connection with the Disputed Work.

7. Identify all instructions Roberts gave to persons assisting him in connection with the Disputed Work.

8. Identify each person that assisted Roberts in any way with the Disputed Work and provide a description of the work performed by each person.

9. Identify the amount Roberts paid each person that assisted him the with the Disputed Work.

10. Identify all source materials for the written submissions Roberts provided to ARI in connection with the Disputed Work.

11. Identify all materials that Roberts or the persons assisting him relied on, reviewed or utilized in any way in performing the Disputed Work.

**Document Requests**

4. All work papers and other materials created by Roberts in connection with the Disputed Work.

5. All source materials for the written submissions Roberts provided to ARI in connection with the Disputed Work.

6. All materials that Roberts or the persons assisting him relied on, reviewed or utilized in any way in performing the Disputed Work.

7. All written instructions given to Roberts by ARI concerning the Disputed Work.

8. All written instructions given by Roberts to any person working on his behalf in connection with the Disputed Work.

10. All materials prepared or attributed to Frank Fabozzi (this request did not contain the term the "Disputed Work," yet Roberts objected on that basis).

11. All documents copyrighted by Roberts upon which he relied, referenced or utilized in any way in connection with the Disputed Work.

12. All copyright applications relating to the documents Roberts relied upon, referenced or utilized in any way in connection with the Disputed Work.

15. All checks and other records of payments from Roberts to persons that assisted him with the Disputed Work.

## ARGUMENT

Roberts does not dispute ARI's entitlement to the materials requested in ARI's Discovery Requests and set forth above. Although ARI clarified the meaning of the term the "Disputed Work" more than two months ago, Roberts did not request further clarification and he has not provided the requested materials. The numerous explanations and clarifications provided to Roberts were nonetheless more than sufficient to educate Roberts on the meaning of the term to the extent he perceived any vagueness or ambiguity.

The requested materials go to the heart of the issues in this case. Roberts' delay in providing more responsive interrogatory answers and responsive documents has delayed the taking of depositions and contributed to the parties' need to request extension of the Court's Pretrial Order deadlines and may require additional extensions in the future.[2] There is no valid basis for Roberts to continue to withhold the requested information and documents. Accordingly, the Court should order Roberts to produce all information and documents withheld on the ground that "Disputed Work" is a vague and ambiguous term.

[2] Roberts' counsel indicated during the discovery conference on this issue that he would not oppose extensions of the deadlines because of the delay in resolving this issue.

## CONCLUSION

For the foregoing reasons, plaintiff, Allen Resources, Inc., respectfully requests that this Court issue an order compelling defendant, Gordon Roberts, to provide more responsive answers to Interrogatory Nos. 5-11 and to produce all documents responsive to Document Request Nos. 4-8. 9-12 and 15 within twenty (20) days of the date of such order.

Allen Resources Inc.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700
Fax: (401) 455-0701

Dated: December 15, 2005

**CERTIFICATION**

To:

Mark Pogue, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, Rhode Island 02903

I hereby certify that a true copy of the within *Memorandum of Law in Support of Plaintiff's Motion to Compel More Responsive Answers to Plaintiff's First Set of Interrogatories and Additional Responsive Documents* was sent by hand delivery to the above, on the 16 day of December, 2005.

*H:\Clients\Allen Resources\Roberts\Pleadings\USDC\Memo in Support of Motion to Compel Responses to Interrogatories and RFP.doc*