DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW LITIGATION

*Kurt W. Hague*
*khague@duffysweeney.com*

October 6, 2005

*VIA FIRST CLASS MAIL*

Mark A. Pogue, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Re: Allen Resources, Inc. v. Gordon Roberts, U.S.D.C. C.A. No. 05-191 ML

Dear Mark:

I am writing to follow up on our telephone call last week concerning discovery in the above-referenced matter. As we discussed, Allen Resources, Inc. ("ARI") will clarify the phrase "Disputed Work" as it appeared in ARI's first set of interrogatories and first request for production of documents in order to facilitate substantive responses from your client, Gordon Roberts ("Roberts").

As we discussed last week, ARI's breach of contract claim, as set forth in the Complaint, is not limited to particular works that Roberts submitted to ARI. Rather, it relates to all work that Roberts performed for ARI from the start of his engagement through the commencement of this lawsuit. In addition, the phrase "Disputed Work" was defined in the discovery requests themselves as "the work [that Roberts performed] for ARI that is the subject of this litigation." So, as used in ARI's discovery requests, the "Disputed Work" means all work that Roberts performed for ARI at any time. I hope that this explanation is helpful and we look forward to receiving supplemental answers to interrogatories and supplemental document responses based on this clarification.

During our telephone call, you indicated that your client had some concerns with ARI's discovery responses as well. Please call me at your earliest convenience to discuss those concerns or itemize them in a letter and I will respond as soon as possible.

Very truly yours,

Kurt W. Hague, Esq.

cc: Craig M. Scott, Esq.
*H:\Clients\Allen Resources\Roberts\Letters\Pogue 10-06-05 KWH.doc*