DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW LITIGATION

*Kurt W. Hague*
*khague@duffysweeney.com*

November 3, 2005

*VIA HAND DELIVERY*

Mark A. Pogue, Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Re: Allen Resources, Inc. v. Gordon Roberts, U.S.D.C. C.A. No. 05-191 ML

Dear Mark:

Enclosed please find documents bearing Bates Labels ARI 01194 - ARI 01313 that we are producing on behalf of Allen Resources, Inc. ("ARI"). Those documents consist of Study Sessions 14 and 15 of ARI's Reading Highlights for the 2002 CFA Exam. We are in possession of additional ARI CFA Exam prep materials in computerized format and we are preparing to copy and produce those as well. I apologize for the delay, but we are experiencing difficulty accessing the information on the discs and want to verify that the contents are responsive to your client's requests before producing them.

As you may know by now, the Court entered the Protective Order earlier this week. Accordingly, enclosed please find documents that were withheld from ARI's prior production while we worked out the language of the Protective Order. The first of these documents bears Bates Label ARI 00439 and the last bears Bates Label ARI 01109. You will find gaps in the numbering corresponding to documents ARI already produced and/or reflecting additional documents that are being withheld because they were provided to ARI by Fabozzi pursuant to a confidentiality agreement. While the entry of the Protective Order facilitated the production of ARI's confidential information, it does not resolve the issues relating to confidential materials provided to ARI by Fabozzi. A few documents produced herewith were redacted based on confidential material provided by Fabozzi. Such documents are conspicuously stamped "REDACTED."

After our first discovery conference, I wrote to you on October 6, 2005 to memorialize our agreement that based on my clarification that the term "the Disputed Work" referred to all work Roberts performed for ARI, Roberts would provide supplemental interrogatory answers and responses to document requests. I have not received supplemental discovery responses from Roberts to date, so I will repeat and expand upon my prior clarification. Roberts objected to ARI's Document Requests 4-12 and 15 as well as Interrogatories 5-11 on the ground that the term "the

Disputed Work" is vague and ambiguous. As I explained on the phone and in my October 6, 2005 letter, the phrase "the Disputed Work" encompasses all work that Roberts performed for ARI. For example, Request No. 4 sought "all work papers and other materials created by Roberts in connection with the work he performed for ARI that is the subject of this litigation (the "Disputed Work")." Based on this clarification, Request No. 4 should be understood to request all work papers and other materials created by Roberts in connection with the work he performed for ARI. This clarification applies to each of ARI's discovery requests that contain the term "the Disputed Work." As it has now been over one month since we discussed this issue, I ask that you please respond and set forth your client's position in detail and in writing if this clarification is not sufficient. The universe of work that Roberts performed for ARI is rather limited, so it should not be much work for Roberts to compile the supplemental responses based on this clarification.

Please let me know if you have any questions.

Very truly yours,

Kurt W. Hague, Esq.

KWH/par
Enclosures

cc: Craig M. Scott, Esq.

*H:\Clients\Allen Resources\Roberts\Letters\Pogue 11-03-05 KWH.doc*