UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| vs. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO COMPEL RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff, Allen Resources, Inc. ("ARI"), hereby opposes the following two motions filed by defendant, Gordon Roberts ("Roberts") on December 7, 2005: 1) Motion to Compel Plaintiff's Responses to Defendant's First Request for Production of Documents (Docket Entry No. 11); and 2) Motion to Compel Plaintiff's Responses to Defendant's First Set of Interrogatories (Docket Entry No. 12) (collectively, the "Motions"). As Roberts' Motions raise nearly identical arguments, ARI submits this combined response to both Motions for the Court's convenience.

Allen Resources Inc.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700
Fax: (401) 455-0701

Dated: December 15, 2005

**CERTIFICATION**

TO:

Mark A. Pogue, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Lisa A. Lori, Esq. (**counsel to Frank Fabozzi)**
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 S. Broad Street
Philadelphia, PA 19102

I hereby certify that I caused a true copy of the within *Plaintiff's Response to Defendant's Motions to Compel Responses to Defendant's First Request for Production of Documents and to Defendant's First Set of Interrogatories* to be served via hand delivery on the above-named counsel of record on the 16 day of December, 2005.

*H:\Clients\Allen Resources\Roberts\Pleadings\USDC\Response to Defendant's Motion to Compel Interrogatory Answers.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| vs. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS TO COMPEL RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff, Allen Resources, Inc. ("ARI"), hereby responds to the following two motions filed by defendant, Gordon Roberts ("Roberts") on December 7, 2005: 1) Motion to Compel Plaintiff's Responses to Defendant's First Request for Production of Documents (Docket Entry No. 11); and 2) Motion to Compel Plaintiff's Responses to Defendant's First Set of Interrogatories (Docket Entry No. 12) (collectively, the "Motions"). As Roberts' Motions raise nearly identical arguments, ARI submits this combined response to both Motions for the Court's convenience.

**DISCUSSION**

**A. ARI is Bound to Withhold Confidential Materials Provided by Frank Fabozzi.**

Through his Motions, Roberts seeks orders compelling ARI to produce documents and information concerning prior copyright litigation between ARI and Frank J. Fabozzi (the "Fabozzi Litigation")[1], as well as the mediation and ultimate settlement of the claims raised in

[1] Fabozzi v. Allen Resources, Inc., C.A. No. 03-5127 (E.D. PA)

the Fabozzi Litigation. ARI withheld such documents and information based on a confidentiality agreement that ARI's counsel reached with Fabozzi's attorney that restricts the dissemination of certain materials and information provided to ARI by Fabozzi (the "Fabozzi Confidential Material") in connection with the Fabozzi Litigation. ARI is bound by its agreement with Fabozzi and must maintain the confidentiality of the Fabozzi Confidential Material until such time as Fabozzi consents to its disclosure to Roberts or this Court orders its production.

Over the last several months, ARI attempted to broker an agreement between Roberts and Fabozzi that would have resolved this discovery dispute without the need for court involvement. Unfortunately, Fabozzi insisted on "Attorneys' Eyes Only" protection for all the Fabozzi Confidential Material and Roberts rejected that proposal. In other words, Roberts' counsel could possess all requested information today based on Fabozzi's proposal.

Contrary to Roberts' statements on the second page of each of his Motions, ARI did not withhold "much of the information requested" by Roberts in his interrogatories and document requests based on the confidentiality agreement from the Fabozzi Litigation. Rather, ARI objected to three of Roberts' twenty one interrogatories and six of his eighteen document requests on the basis of confidentiality. Furthermore, ARI was forthcoming about the Fabozzi Confidential Materials and its prior agreement with Fabozzi, offering a detailed explanation of the basis for withholding the Fabozzi Confidential Material in the text of each response where ARI raised a confidentiality objection.

If the Court grants Roberts' Motions and compels production of the Fabozzi Confidential Materials, ARI requests that it be granted twenty days to produce the Fabozzi Confidential Materials, rather than the ten days requested by Roberts in his Motions. The "detailed chronology" that Roberts requests in Interrogatory No. 7 will take some time to compile.

**B. <u>Roberts is Not Entitled to An Order Compelling ARI to Produce a Privilege Log</u>.**

In the final paragraph of Roberts' Motion to Compel Responses to Plaintiff's First Request for Production of Documents, Roberts argues that ARI should be required to provide Roberts with a log of all documents withheld as protected from disclosure by the attorney-client privilege and the work-product doctrine. Roberts did not request a privilege log from ARI during any of the discovery conferences in this case. Moreover, Roberts objected to several of ARI's interrogatories and document requests on the basis of the attorney-client privilege and work-product doctrine, yet Roberts has not produced a privilege log. Accordingly, the Court should not order ARI to produce one at this time.

Notwithstanding the foregoing, ARI is amenable to exchanging privilege logs with Roberts and believes the parties can reach agreement on that issue.

## <u>CONCLUSION</u>

For the foregoing reasons, ARI cannot agree to produce the Fabozzi Confidential Material voluntarily. If the Court orders ARI to produce the Fabozzi Confidential Materials, ARI requests twenty days to comply.

Allen Resources Inc.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Christine K. Bush, Esq. (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700
Fax: (401) 455-0701

Dated: December 15, 2005

**CERTIFICATION**

TO:

Mark A. Pogue, Esq.
Edwards & Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Lisa A. Lori, Esq. **(counsel to Frank Fabozzi)**
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 S. Broad Street
Philadelphia, PA 19102

I hereby certify that I caused a true copy of the within *Memorandum in Support of Plaintiff's Response to Defendant's Motions to Compel Responses to Defendant's First Request for Production of Documents and to Defendant's First Set of Interrogatories* to be served via hand delivery on the above-named counsel of record on the 16 day of December, 2005.

*H:\Clients\Allen Resources\Roberts\Pleadings\USDC\Memo SupportM - Compel Responses to Interr and RFP.doc*