UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| VS. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND TO COMPEL PRODUCTION OF ADDITIONAL DOCUMENTS**

Defendant Gordon Roberts ("Roberts") submits this memorandum in support of his objection to plaintiff's Motion To Compel More Responsive Answers To Plaintiff's First Set Of Interrogatories And To Compel Production Of Additional Documents.

As shown below, plaintiff's motion should be denied because the discovery requests at issue are not reasonably calculated to lead to the discovery of admissible evidence.

**Background**

Plaintiff filed this action in order to recover from Roberts the sums plaintiff paid to settle an action brought against it on September 11, 2003 (the "Copyright Litigation") by one Frank Fabozzi ("Fabozzi"). In particular, Plaintiff alleges that Roberts supplied it with written test preparation materials based on earlier writings by Fabozzi, causing Fabozzi to sue Plaintiff for copyright infringement.

The Complaint in this action makes clear that the only damages Plaintiff seeks to recover are those it incurred in connection with the Copyright Litigation. For example, in paragraph 18 of the Complaint Plaintiff alleges "Despite demand, Roberts refused to compensate [Plaintiff] for

the costs the company incurred resulting from Copyright Litigation." In Count One of the Complaint, Plaintiff alleges breach of contract "Based on the allegations in the Copyright Litigation." Complaint ¶ 22. In Count Two, Plaintiff alleges a breach of the implied covenant of good faith and fair dealing "Based on the allegations in the Copyright Litigation." Id., ¶ 27. In Count Three, Plaintiff sues Roberts for negligent misrepresentation based on what it learned "on September 11, 2003" – the day the Copyright Litigation was filed. Id., ¶ 32. And in Count Four, Plaintiff sues Roberts for indemnification on grounds that it is entitled to be indemnified "for all damages and costs it paid Fabozzi in connection with resolving the Copyright Litigation." Id. ¶ 36.

The business relationship between Plaintiff and Roberts began in 2000. Beginning in that year, Roberts supplied Plaintiff with a substantial volume of material for inclusion in Plaintiff's test preparation materials. There is no allegation in the Complaint that all of the voluminous material Roberts supplied to Plaintiff over the years was improperly based on the work of Fabozzi; on the contrary, it appears that only a small subset of the materials Roberts provided became the subject of the Copyright Litigation.

Plaintiff served Roberts with the discovery requests at issue (interrogatories and document requests) in July 2005. Both sets of discovery requests repeatedly used the term "Disputed Work" and defined that term as "the work [Roberts] performed for [Plaintiff] that is the subject of this litigation." In responding to these requests, Roberts understood that the work "that is the subject of this litigation" is the work he provided that later became the subject of Fabozzi's Copyright Litigation. But Roberts has no idea which of his work was the subject of the

Copyright Litigation.[1] For that reason, Roberts objected to every discovery request served by Plaintiff which referred to "the Disputed Work." These included interrogatories Nos. 5-11 and document request nos. 4-8, 10-12 and 15.[2]

After Roberts asserted these objections, counsel for the parties conferred in an effort to resolve this and other disputes. Thereafter, counsel for Plaintiff sent a letter to Roberts' counsel explaining that the term "Disputed Work" should be interpreted to mean every bit of work ever produced by Roberts for Plaintiff – even though Plaintiff is only suing Roberts over the particular work that Fabozzi contended, in the Copyright Litigation, had been used without permission.

## Argument

The discovery requests at issue remain objectionable even after Plaintiff's clarification. That is because a request for all of the work ever produced by Roberts for Plaintiff since 2000 is overly broad and not reasonably calculated to lead to the discovery of admissible evidence.

This lawsuit is plaintiff's effort to recoup whatever damages it incurred in the Copyright Litigation. Plaintiff (unlike Roberts) knows exactly what material Fabozzi put in issue in that case. Plaintiff can therefore tailor its discovery requests to describe the materials provided by Roberts which later became the subject of Fabozzi's Copyright Litigation. To require Roberts to provide information concerning writings that were never challenged by Fabozzi, and to require Roberts to unearth documents (including drafts and notes) that were never in issue in the

---

[1] Indeed, Roberts does not even know the terms on which Plaintiff settled the Copyright Litigation; does not know how much Plaintiff has paid Fabozzi; and therefore does not know how much Plaintiff is seeking to recoup from him. These and other aspects of the Copyright Litigation are the subject of a motion to compel filed by Roberts.

[2] In particular, Roberts objected on grounds that the discovery requests using the term "Disputed Work" were "vague and ambiguous because Plaintiff has not identified what the 'Disputed Work' is, or otherwise identified exactly what materials provided by Roberts were allegedly not original."

Copyright Litigation, would be unfair and unduly burdensome, and would not advance this litigation in any material respect.

**Conclusion**

For the foregoing reasons, Plaintiff's motion should be denied.

GORDON ROBERTS,

By His Attorneys,

Mark A. Pogue (#3441)
Jillian Folger-Hartwell (#6970)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
401-274-9200
401-276-6611 Telecopy

**Certificate of Service**

I hereby certify that on the 12th day of January, 2006 a copy of the foregoing Memorandum In Support of Defendant's Objection To Plaintiff's Motion to Compel More Responsive Answers To Plaintiff's First Set of Interrogatories And to Compel Production of Additional Documents was served by first class mail, postage prepaid to:

Craig M. Scott, Esq.
Duffy Sweeney & Scott
One Turks Head Place, Suite 1200
Providence, RI 02903