UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| vs. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff, Allen Resources, Inc. ("ARI"), hereby responds to Defendant's Memorandum in Support of Defendant's Objection to Plaintiff's Motion to Compel More Responsive Answers to Plaintiff's First Set of Interrogatories and to Compel Production of Additional Documents (ARI's "Motion to Compel"), and states as follows:

## I. Defendant Attempts To Narrow Plaintiff's Claims To Avoid Producing Relevant Information and Documents.

Defendant, Gordon Roberts ("Roberts"), argues in his Memorandum in Support of Defendant's Objection to ARI's Motion to Compel that the Complaint makes it clear "that the only damages Plaintiff seeks to recover are those it incurred in connection with the Copyright Litigation." See Roberts' Opposition at 1. Thus, Roberts contends, he should not be required to provide documents or answers interrogatories sought by ARI that do not relate to the Fabozzi/Copyright Litigation. Id. at 3. Roberts claims that ARI seeks discovery relating to "every bit of work ever produced by Roberts for Plaintiff – even though Plaintiff is only suing Roberts over the particular work that Fabozzi contended, in the copyright litigation, had been used without permission." Id.

Roberts is wrong. As set forth clearly in the Complaint, ARI asserts breach of contract and negligent misrepresentation claims against Roberts that are not limited to the

scope of the Fabozzi/Copyright Litigation. For example, in Count I of the Complaint ARI alleges that "ARI and Roberts were parties to a contract pursuant to which Roberts agreed to provide original fixed income materials for incorporation into the ARI CFA Study System and ARI agreed to pay Roberts for those materials." See Complaint, ¶ 19. ARI alleges that it paid Roberts in full, that "Roberts breached the contract by failing to provide original fixed income materials for incorporation into the ARI CFA Study System" and that ARI has been damaged thereby. Id., ¶¶ 19-21.

Nothing in ARI's breach of contract claim limits its claim or its damages to the amounts that ARI was required to pay Fabozzi to resolve the Fabozzi/Copyright Litigation. Under the liberal notice pleading standards set forth in the Fed. R. Civ. P., it is improper for Roberts to narrow ARI's claims in this manner after being placed on notice of the true scope of ARI's claims through the allegations of the Complaint and multiple letters from ARI's counsel preceding the filing of ARI's Motion to Compel.

To be sure, ARI seeks the amounts that it was required to pay Fabozzi as part of its damages, and Counts III and IV of the Complaint, which assert claims for indemnification and contribution, are limited to the damages and attorneys' fees ARI incurred in the Fabozzi/Copyright Litigation. What Roberts appears to forget, however, is that Roberts promised that all of the work he provided to ARI, whether the subject of the Fabozzi/Copyright Litigation or otherwise, would be original and that ARI paid Roberts substantial sums based on that promise. ARI seeks to recoup all amounts it paid to Roberts under the contract for which Roberts failed to provide original materials. ARI is entitled to the benefit of its bargain with Roberts and that firmly established tenet of contract law is not limited by the scope of the Fabozzi/Copyright Litigation. Moreover,

the Fabozzi/Copyright Litigation was resolved in mediation and did not involve an analysis of all work Roberts performed for ARI. Rather, the mediation focused on a sampling of Roberts' work, which revealed that Roberts' work was not original. ARI is entitled to discover the extent of Roberts' breaches of contract and to recover damages for those breaches regardless of whether they were the subject of the Fabozzi/Copyright Litigation.

The scope of ARI's claims are and have been clear since the commencement of this action and Roberts' flawed interpretation of those claims does not justify narrowing the scope of ARI's claims, the extent of its damages or the fact that ARI is entitled to discover all facts and documents that are reasonably calculated to lead to the discovery of admissible evidence.

## II. The Court Should Strike Roberts' Opposition For Failure To Comply With Local Rule 7.

Local Civil Rule 7(b)(1) provides that "[a]ny party opposing a motion shall file and serve an objection not later than ten (10) days after service of the motion." The Rule provides further that "[e]very objection shall be accompanied by a separate memorandum of law setting forth reasons for the objection and applicable points and authorities supporting the objection."

Here, ARI served its Motions to Compel on December 16, 2005. Roberts filed a one page Objection on December 23, 2005 in which he stated that "Defendant Gordon Roberts hereby objects to plaintiff's 'Motion to Compel More Responsive Answers To Plaintiff's First Set Of Interrogatories And To Compel Production of Additional Documents.'" See Roberts' Objection at 1. On January 12, 2006, more than fifteen (15) days after Roberts' Local Rule 7(b)(1) deadline to submit an objection supported by a

memorandum of law had passed, Roberts served its Memorandum in Support of its Objection wherein he attempts to narrow the scope of ARI's claims to avoid providing full and complete responses to ARI's discovery requests.[1]

Roberts' Objection and Memorandum in Support should be stricken and disregarded by the Court based on Roberts' failure to comply with Local Rule 7(b)(1). As Roberts' did not oppose ARI's Motions to Compel in accordance with the Local Rules, the Court should treat ARI's Motions to Compel as unopposed and should order Roberts' to provide more responsive answers to Interrogatory Nos. 5-11 and to produce all documents responsive to Document Request Nos. 4-8. 9-12 and 15 within twenty (20) days, as requested in ARI's Motions to Compel.

## CONCLUSION

For the foregoing reasons, Allen Resources, Inc. respectfully requests that the Court order Roberts' to provide more responsive answers to Interrogatory Nos. 5-11 and to produce all documents responsive to Document Request Nos. 4-8. 9-12 and 15 within twenty (20) days.

Allen Resources Inc.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Kurt W. Hague, Esq. (#7297)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700
Fax: (401) 455-0701

January 23, 2005

[1] Roberts served his Memorandum under a cover letter from Roberts' counsel concerning the scheduling of the Court's hearing on ARI's Motions to Compel and did not alert ARI to the presence of his Memorandum in the letter.

**CERTIFICATION**

To:

Mark Pogue, Esquire
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that a true copy of the within *Reply Memorandum in Support of Plaintiff's Motion to Compel* was sent by first class mail to the above, on the 23rd day of January, 2006.

H:\Clients\Allen Resources\Roberts\Pleadings\Reply memo in support of P's M-compel.doc