UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| vs. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**PLAINTIFF'S MOTION FOR SANCTIONS**

Pursuant to Fed. R. Civ. P. 37(b) and Local Rule 7, plaintiff, Allen Resources, Inc. ("ARI"), hereby moves for an Order sanctioning defendant, Gordon Roberts ("Roberts"), for his failure to comply with the Court's February 13, 2006 Orders compelling his full and complete answers to ARI's First Set of Interrogatories and full and complete responses to ARI's First Request for Production of Documents. ARI requests that the Court order Roberts to comply with its prior Orders immediately and order Roberts to pay ARI's attorneys' fees incurred in connection with this Motion. ARI relies on the accompanying Memorandum in Support of this Motion.

ARI makes this Motion after conferring in good faith with Roberts in an effort to secure Roberts' compliance with the Court's prior Orders without Court action.

Allen Resources Inc.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Kurt W. Hague, Esq. (#7297)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700
Fax: (401) 455-0701

Dated: February 28, 2006

**CERTIFICATION**

To:

Mark Pogue, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, Rhode Island 02903

I hereby certify that a true copy of the within *Plaintiff's Motion for Sanctions* was sent via first class mail to the above, on the 28 day of February, 2006.

*H:\Clients\Allen Resources\Roberts\Pleadings\USDC\Motion to for Sanctions Pursuant to FRCP 37.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLEN RESOURCES, INC. :
:
v. : C.A. NO. 05-191-ML
:
GORDON ROBERTS :

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff, Allen Resources, Inc. ("ARI") submits this Memorandum in Support of Plaintiff's Motion for Sanctions. In support of its Motion, ARI states as follows:

**BACKGROUND**

ARI served Roberts with its First Set of Interrogatories and First Request for Production of Documents on July 7, 2005. Roberts responded to ARI's First Set of Interrogatories and First Request for Production of Documents on September 16, 2005. In his responses, Roberts objected to interrogatories numbers 5-11 and document requests 4-8, 10-12 and 15 on the grounds that the interrogatories and requests were "vague and ambiguous."

After conferring with Roberts' counsel several times concerning Roberts' objections, ARI moved to compel More Responsive Answers to its First Set of Interrogatories and to compel Production of Additional Documents on December 16, 2005. ARI's Motion to Compel was heard by Magistrate Judge Martin on January 30, 2006. Magistrate Judge Martin ordered Roberts to provide full and complete answers to ARI's First Set of Interrogatories and to produce all documents responsive to ARI's First Request For Production of Documents by February 20, 2006. (See February 13, 2006 Order, attached as Exhibit A hereto).

On Friday, February 17, 2006, counsel for Roberts contacted ARI's counsel and stated that Roberts was out of the country and could not comply with the Court's Order compelling discovery by February 20, 2006. Counsel for ARI and Roberts attempted to negotiate a resolution, but were unsuccessful.

## DISCUSSION

It has been over seven months since ARI served Robert with its First Set of Interrogatories and First Request for Production of Documents and ARI still does not have the majority of information and documents it requested from Roberts. Roberts' failure to provide discovery has prevented the taking of key depositions in this case and, for all practical purposes, has brought this case to a halt.

Pursuant to Federal Rule of Civil Procedure 37(b), the Court may impose a variety of sanctions on Roberts for his failure to comply with this Court's Order compelling discovery. These sanctions include: (i) holding Roberts in contempt; (ii) ordering that the matters regarding which the Orders were made or other designated facts be taken as established in accordance with ARI's claims; (iii) prohibiting Roberts from opposing ARI's claims or from introducing designated matters in evidence; or (iv) rendering a judgment by default against Roberts. See United States v. Klimavicius, 847 F.2d 28, 34-35 (1st Cir. 1998).

As a sanction for Roberts' failure to comply with the Court's February 13, 2006 Orders compelling discovery, ARI requests that the Court order Roberts' immediate compliance with the Court's February 13, 2006 Orders and order Roberts to pay ARI's attorneys' fees incurred in connection with this motion.

**CONCLUSION**

For the foregoing reasons, ARI respectfully requests that the Court order Roberts' immediate compliance with its February 13, 2006 Orders and order Roberts to pay ARI's attorneys' fees incurred in connection with this Motion.

Allen Resources Inc.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Kurt W. Hague, Esq. (#7297)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700
Fax: (401) 455-0701

Dated: February 28, 2006

**CERTIFICATION**

To:

Mark Pogue, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, Rhode Island 02903

I hereby certify that a true copy of the within *Plaintiff's Memorandum in Support of its Motion for Sanctions* was sent via first class mail to the above, on the 28 day of February, 2006.