**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| VS. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant Gordon Roberts hereby objects to the plaintiff's motion for sanctions.

In support of this objection, the Court is respectfully referred to the accompanying memorandum, exhibit and declaration.

GORDON ROBERTS,

By His Attorneys,

Mark A. Pogue (#3441)
Jillian Folger-Hartwell (#6970)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
401-274-9200
401-276-6611 Telecopy

**Certificate of Service**

I hereby certify that on the 16th day of March, 2006 a copy of the foregoing Objection To Plaintiff's Motion For Sanctions was served by first class mail, postage prepaid to:

Craig M. Scott, Esq.
Duffy Sweeney & Scott
One Turks Head Place, Suite 1200
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| | : | |
| VS. | : | C.A. NO. 05-191-ML |
| | : | |
| GORDON ROBERTS | : | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S OBJECTION TO**
**PLAINTIFF'S MOTION FOR SANCTIONS**

Defendant Gordon Roberts ("Prof. Roberts") submits this memorandum in support of his objection to plaintiff's motion for sanctions. As shown below, plaintiff's motion is baseless and should be denied.

**Background**

Plaintiff Allen Resources, Inc. ("ARI") sells materials used to prepare for the Chartered Financial Services examination. Prof. Roberts is the CIBC Professor of Financial Services at the Schulich School of Business at York University in Ontario, Canada. In 2000, ARI and Prof. Roberts entered into a relationship whereby Prof. Roberts sent material to ARI for use in its review courses.

This action was filed in March 2005. Discovery is scheduled to close in July 2006, and pre-trial memoranda are due in September 2006.

ARI served a set of interrogatories and document requests on Prof. Roberts on July 7, 2005. Prof. Roberts responded to these discovery requests (pursuant to an extension of time granted by ARI) on September 16, 2005. Prof. Roberts answered some of the interrogatories and objected to others, and produced nearly 600 documents in response to ARI's document requests.

On November 1, 2005, Prof. Roberts left his professorship at York University for a sabbatical in Thailand. He remained in Thailand until December 20, 2005.

On December 16, 2005 – three months after Prof. Roberts responded to ARI's document requests and interrogatories -- ARI moved to compel more responsive answers to its interrogatories and documents requests. Prof. Roberts was still in Thailand when ARI's motion was filed. Prof. Roberts filed a motion to compel of its own to address certain deficiencies in ARI's responses to his discovery requests. The two motions were consolidated for hearing on January 30, 2006.

Prof. Roberts returned from Thailand on December 20, 2005 and then left on January 23, 2006, for another sabbatical in Argentina, Chile and Easter Island, where Internet coverage is limited and intermittent.[1] Prof. Roberts is not due back to his office in Canada until the first week of April, 2006.

At the hearing on January 30, 2006, Magistrate Judge Martin issued an order (the "Order") directing Prof. Roberts to provide complete answers to ARI's interrogatories, and to respond in full to its document requests, by February 20, 2006.

On February 17, 2006, counsel for Prof. Roberts contacted counsel for ARI and explained that Prof. Roberts was still out of the country with limited access to the Internet; that counsel was having difficulty reaching him; and that it appeared he would be unable to supplement his discovery responses by February 20, 2006. Declaration of Mark A. Pogue, ¶ 2. Counsel for Prof. Roberts therefore asked counsel for ARI for its assent to additional time, until Prof. Roberts could be contacted, to supplement his discovery responses. In response, counsel for ARI stated that he would only consider granting additional time if Prof. Roberts would agree to sit for a deposition at a date certain upon his return to the country. Id., ¶ 4. Since Prof. Roberts could not

[1] Easter Island is a territory of Chile located midway between Tahiti and South America in the South Pacific Ocean. It is one of the most isolated locations on Earth.

be contacted to review this proposal, ultimately the lawyers for the parties were unable to negotiate a resolution to the problem. Id., ¶ 4.

On February 20, 2006, counsel for Prof. Roberts left for a one-week court-excused family vacation. Declaration of Mark A. Pogue, ¶ 5.

Following the discussion between counsel on February 17, 2006, counsel for Prof. Roberts was able to contact him, and received information necessary to supplement his discovery answers. On March 6, 2006, counsel for Prof. Roberts served his supplemental interrogatory answers. These were not notarized, because Prof. Roberts initially was not near a notary public in Chile. Prof. Roberts eventually located a notary public in Santiago, and the notarized signature page was served on ARI on March 8, 2006.

By letter dated March 13, 2006, ARI indicated that it was still not satisfied with Prof. Roberts supplemental discovery responses, and that it intended to press its motion for sanctions.

By letter dated March 15, 2006, counsel for Prof. Roberts provided the addresses of two individuals identified in his interrogatory answers, as requested by ARI. See Exh. A hereto. In the same letter, counsel for Prof. Roberts enclosed six technical articles which Prof. Roberts had been able to download from the Internet from Chile and transmit to his counsel in Rhode Island. Id. The letter went on to explain that the only other document responsive to ARI's requests which Prof. Roberts had not previously produced and which ARI does not have -- a textbook -- was at Prof. Roberts' office in Canada, and would be made available for inspection upon his return in the first week of April 2006. Id.

## Argument

The purpose of monetary sanctions is "to protect courts and opposing parties from delaying or harassing tactics during the discovery process." Cunningham v. Hamilton County,

Ohio, 527 U.S. 198, 208009, 119 S.Ct. 1915, 144 L.Ed.Ed. 184 (1999). But if a party's actions giving rise to the discovery dispute were "substantially justified," sanctions need not be imposed; an action is "substantially justified... if reasonable people could differ" as to whether the accused party acted appropriately in the circumstances. Tomkins v. Schmid Systems, Inc., 2005 WL 2592576 * 1 (D.Ariz. 2005) quoting Reygo Pacific Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982).

Application of this authority makes clear that ARI's motion for sanctions is baseless and should be denied. Prof. Roberts' actions in this discovery dispute were substantially justified. Despite the fact that he has been traveling away from his office since January in parts of the world with limited accessibility, Prof. Roberts has made substantial, good-faith efforts to comply with this Court's discovery Order. He has drafted interrogatory answers, located a notary public in Chile, and downloaded an transmitted articles from the Internet, all without benefit of the resources of his office in Canada. Today, as a result of those efforts, ARI has received complete responses to its interrogatories, and appears to have all of the documents it has requested but for a single textbook, which Prof. Roberts can make available for inspection upon his return to Canada during the first week of April.

In these circumstances, and in view of the very brief delay Prof. Roberts encountered in supplementing his discovery responses, ARI's insistence on punishing Prof. Roberts smacks of pressure tactics. This impression is strengthened by the fact that ARI refused to grant a brief extension of time for Prof. Roberts to comply with the Order even though it knew that he was out of the country and out of contact with his attorneys. Moreover, ARI does not even allege that it has been prejudiced by the brief delay encountered by Prof. Roberts in providing supplemental

discovery information. Such an argument would fail in any event, because discovery in this case is not scheduled to close until July.

In short, the fact that Prof. Roberts' discovery supplementation was delayed by two to three weeks was substantially justified in the circumstances present here. Sanctions therefore are not warranted.

**Conclusion**

For the foregoing reasons, ARI's motion for sanctions should be denied.

GORDON ROBERTS,

By His Attorneys,

Mark A. Pogue (#3441)
Jillian Folger-Hartwell (#6970)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
401-274-9200
401-276-6611 Telecopy

**Certificate of Service**

I hereby certify that on the 16th day of March, 2006 a copy of the foregoing Memorandum In Support of Defendant's Objection To Plaintiff's Motion For Sanctions was served by first class mail, postage prepaid to:

Craig M. Scott, Esq.
Duffy Sweeney & Scott
One Turks Head Place, Suite 1200
Providence, RI 02903

EDWARDS ANGELL PALMER & DODGE LLP

2800 Financial Plaza Providence, RI 02903 401.274.9200 *fax* 401.276.6611 eapdlaw.com

**Mark A. Pogue**
(401) 276-6491 Direct Dial
MPogue@eapdlaw.com

March 15, 2006

**By Hand Delivery**

Kurt W. Hague, Esq.
Duffy Sweeney & Scott
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re: Allen Research, Inc. v. Gordon Roberts**

Dear Kurt:

In your letter of March 13, 2006 you assert that in his interrogatory answers Prof. Roberts has failed to "identify" certain individuals in the manner requested by ARI. The only individuals identified in Prof. Roberts' answers (other than ARI personnel) are Kenneth Stanton and Aron Gottesman. Since receiving your letter I was able to reach Prof. Roberts in Chile and have received the following contact information for these men:

Kenneth Stanton
University of Baltimore
Thummel Bldg., Room 415
1420 N. Charles St
Baltimore, MD 21201
Email: kstanton@ubmail.ubalkt.edu
Tel: 410-837-5669

Aron Gottesman
Pace University
1 Pace Plaza
New York, NY 10038
Email: agottesman@pace.edu
Tel: 212-618-6525

Your letter also asserts that Prof. Roberts has failed to respond fully to ARI's request for documents. As I have told you on more than one occasion, Prof. Roberts does not have access to

EDWARDS ANGELL PALMER & DODGE LLP

Kurt W. Hague, Esq.
March 15, 2006
Page 2

all of his records on this matter because he is traveling out of the country until the first week of April. In any event, my review of your document requests reflects that the only additional responsive documents Prof. Roberts knows he has back in his office, are certain source documents identified in his answer to interrogatory number 10: CFA learning objectives; CFA texts; CFA articles; and a book and six articles written or co-written by Prof. Roberts. For your information, the learning objectives appear at the top of the lessons which Prof. Roberts has already produced. The CFA texts and articles are in Prof. Roberts' office in Canada, and in any event ARI already has them. The book authored by Prof. Roberts is also in his office in Canada. Finally, Prof. Roberts was able to download the six articles he co-authored from the Internet while in Chile and transmit them to me, and I am producing those articles herewith.

There is nothing more that Prof. Roberts can do at this point to respond to ARI's document requests. It appears that the only responsive document which Prof. Roberts has that has not been produced and which ARI does not have is the textbook written by Prof. Roberts. We will make that textbook available for inspection once Prof. Roberts returns to his office in early April.

Sincerely,

Mark A. Pogue /mag

Mark A. Pogue

Enclosures