RECEIVED
MAR 27 2006
Property of U.S. District Court
District of Rhode Island

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLEN RESOURCES, INC. :
:
v. : C.A. NO. 05-191-ML
:
GORDON ROBERTS :

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff, Allen Resources, Inc. ("ARI") submits this Reply Memorandum in Support of Plaintiff's Motion for Sanctions. In support of its Motion, ARI states as follows:

**DISCUSSION**

In his Objection to ARI's Motion for Sanctions, defendant, Gordon Roberts ("Roberts"), offers tales of adventure and worldwide travel to justify his failure to comply with this Court's Order that he provide full and complete answers to ARI's First Set of Interrogatories and all documents responsive to ARI's First Request for Production by February 20, 2006. Roberts then argues that he made "substantial, good faith efforts to comply with this Court's discovery Order," and claims that ARI has now received complete responses to its interrogatories and that ARI "appears to have all of the documents it has requested," but for a single textbook.

At the hearing on ARI's Motion to Compel on January 30,2006, after the Court announced that it was going to grant ARI's Motion, Roberts' counsel stated that Roberts could and would comply with the Court's Order and provide full and complete responses to ARI's discovery requests within twenty (20) days. When, just a few days later, counsel for ARI and Roberts discussed the form of order to be submitted to the Court,

Roberts' counsel suggested that the Order require production by February 20, 2006 instead of twenty (20) days from the date the Court actually entered the Order (which would have put Roberts' response date around March 5, 2006). If, as Roberts claimed in his Memorandum, he was in "one of the most isolated locations on Earth" beginning on January 23, 2006 (before the hearing), than he should not have represented to the Court and to counsel for ARI that he would comply with the Court's Order by February 20, 2006.

The fact remains that Roberts did not comply with this Court's Order by February 20, 2006 and still has not complied. As a result, ARI has been forced to incur attorneys' fees in an effort to force Roberts' to discharge his obligations under the Fed. R. Civ. P. and this Court's discovery Order. In addition, ARI's discovery efforts have been brought to a standstill. This Court should not permit Roberts to select which rules and orders he can comply with in light of his active travel schedules. The Court's Order did not compel Roberts to make a good faith effort at providing supplemental discovery, it required that he provide full and complete answers to ARI's interrogatories and all documents responsive to ARI's document requests. Roberts has done neither.

ARI has attached Roberts' supplemental interrogatory answers to this Reply as Exhibit A. In addition to the vague information contained therein, Roberts conveyed through counsel, at the time he provided his un-notarized supplemental interrogatory answers, that he had no more responsive documents. It was apparent to ARI from the substance of Roberts' answers that he did not comply with the Court's Order and provide full and complete answers to ARI's First Set of Interrogatories. Roberts failed to provide the specifics called for in ARI's interrogatories and actually references additional

documents that he has yet to review, but apparently might review upon returning from his travels. Accordingly, ARI moved for sanctions based on Roberts' failure to comply with the Court's Order.

Now, remarkably, Roberts cites to additional documents that his counsel provided on March 15, 2006 as evidence of his attempts to comply with the Court's Order, but those documents were not provided until after Roberts' counsel stated in a letter that there were no more additional document and not until after ARI filed its Motion for Sanctions. Rather than making the "good faith efforts to comply" that Roberts claims in his Memorandum, Roberts has made a half-hearted attempt at responding to ARI's discovery, even after the face of an Order from this Court.

The bottom line is that the information Roberts has provided to date is vague and incomplete and he has yet to review or produce all responsive documents. The Court should order Roberts to review the ARI's First Set of Interrogatories and First Request for Production and provide all the information, details and documents called for therein within ten (10) days of the hearing on this motion.

## CONCLUSION

For the foregoing reasons, ARI respectfully requests that the Court order Roberts' immediate compliance with its February 13, 2006 Order and order Roberts to pay ARI's attorneys' fees incurred in connection with ARI's Motion for Sanctions.

Allen Resources Inc.
By its Attorneys,

Craig M. Scott, Esq. (#4237)
Kurt W. Hague, Esq. (#7297)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: (401) 455-0700
Fax: (401) 455-0701

Dated: March 24, 2006

## CERTIFICATION

To:

Mark Pogue, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, Rhode Island 02903

I hereby certify that a true copy of the within *Plaintiff's Memorandum in Support of its Motion for Sanctions* was sent via first class mail to the above, on the 24 day of March, 2006.

[signature]