KWH

EDWARDS ANGELL PALMER & DODGE LLP

2800 Financial Plaza Providence, RI 02903 401.274.9200 *fax* 401.276.6611 eapdlaw.com

**Mark A. Pogue**
(401) 276-6491 Direct Dial
MPogue@eapdlaw.com

COPY

March 6, 2006

Kurt W. Hague, Esq.
Duffy Sweeney & Scott
One Turks Head Place, Suite 1200
Providence, RI 02903

**Re: <u>Allen Research, Inc. v. Gordon Roberts</u>**

Dear Kurt:

I have enclosed Professor Roberts' supplemental answers to Allen's first set of interrogatories. They have been signed by Professor Roberts, and will be notarized as soon as he can locate a notary public (or the equivalent) in Chile.

Professor Roberts has no additional documents responsive to Allen's first set of requests for documents.

If you have any questions about this letter, please don't hesitate to contact me.

Sincerely,

Mark A. Pogue

Enclosure

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALLEN RESOURCES, INC. | : | |
| Plaintiff, | : | |
| v. | : | C.A. NO. 05-191-ML |
| GORDON ROBERTS | : | |
| Defendant. | : | |

**DEFENDANT'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to F. R. Civ. P. 33, defendant Gordon Roberts ("Roberts") herewith responds to plaintiff's First Set Of Interrogatories.

**General Objections Applicable To All Interrogatories**

Roberts objects to providing information protected from disclosure by the attorney-client or work-product privilege, and such information has not been provided in the responses below.

**Responses To Interrogatories**

5. Identify all steps that Roberts took in performing the work for ARI that is the subject of this litigation (the "Disputed Work").

**RESPONSE:** Objection. This request is vague and ambiguous because Plaintiff has not identified what the "Disputed Work" is, or otherwise identified exactly what materials provided by Roberts were allegedly not original.

**SUPPLEMENTAL RESPONSE:** Roberts first read and reviewed the leaarning objectives supplied by the CFA institute. Roberts then drafted material which summarized the CFA texts and would permit the reader to attain the learning objectives. In drafting the

material, Roberts consulted CFA texts and relevant articles, including some of his own published articles on fixed income securities, and drew on his own knowledge and experience.

6. Identify all instructions Roberts was given by ARI in connection with the Disputed Work.

**RESPONSE:** Objection. This request is vague and ambiguous because Plaintiff has not identified what the "Disputed Work" is, or otherwise identified exactly what materials provided by Roberts were allegedly not original.

**SUPPLEMENTAL RESPONSE:** Roberts received his instructions from Alicia Ambrose. He also received written materials from Ambrose, including the CFA texts authored by Fabozzi. With regard to the Fabozzi texts and other works supplied to Roberts by ARI, Ambrose instructed Roberts to summarize the contents of those works so that all of the topics were covered, but not to copy them word-for-word.

7. Identify all instructions Roberts gave to persons assisting him in connection with the Disputed Work.

**RESPONSE:** Objection. This request is vague and ambiguous because Plaintiff has not identified what the "Disputed Work" is, or otherwise identified exactly what materials provided by Roberts were allegedly not original.

**SUPPLEMENTAL RESPONSE:** Roberts gave the persons working for him the same instructions that he received from Alicia Ambrose.

8. Identify each person that assisted Roberts in any way with the Disputed Work and provide a description of the work performed by each person.

**RESPONSE:** Objection. This request is vague and ambiguous because Plaintiff has not identified what the "Disputed Work" is, or otherwise identified exactly what materials provided by Roberts were allegedly not original.

**SUPPLEMENTAL RESPONSE:** Kenneth Stanton of the University of Baltimore and Aron Gottesman of PACE University, along with Roberts, worked on summarizing each of the two CFA texts authored by Fabozzi. They also worked on other material prepared by Roberts for ARI. Roberts may have records indicating in greater detail what Stanton and Gottesman worked on, but Roberts is presently in South America and does not have access to these records.

9. Identify the amounts Roberts paid to each of the persons identified in response to Interrogatory No. 8, including the date and amount of each payment.

**RESPONSE:** Objection. This request is vague and ambiguous because Plaintiff has not identified what the "Disputed Work" is, or otherwise identified exactly what materials provided by Roberts were allegedly not original.

**SUPPLEMENTAL RESPONSE:** Roberts is presently in South America and does not have access to records that would enable him to answer this question. Roughly speaking, Roberts, Standon and Gottesman each received one third of the total amounts paid by ARI.

10. Identify all source materials for the written submissions Roberts provided to ARI in connection with the Disputed Work.

**RESPONSE:** Objection. This request is vague and ambiguous because Plaintiff has not identified what the "Disputed Work" is, or otherwise identified exactly what materials provided by Roberts were allegedly not original.

**SUPPLEMENTAL RESPONSE:** The source materials included the learning objectives supplied by the CFA institute, the CFA texts, certain CFA articles, articles

written by others (including by Roberts), and Roberts' own knowledge, experience and research in the field. In particular, Roberts used the following as source materials:

1. G.O. Bierwag, Duration Analysis: Managing Interest Rate Risk (1988 Praeger);

2. Articles co-authored by Roberts:

(a) Macrohedging for Financial Institutions: Beyond Duration. Journal of Applied Finance, 14, Spring/Summer 2004 (with Iraj Fooladi).

(b) Risk Management with Duration: Potential and Limitations. Canadian Journal of Administrative Sciences, June 2000 (with Iraj Fooladi).

(c) Designing an Immunized Portfolio: Is M-Squared the Key. Journal of Banking and Finance, December 1993. (with G.O. Bierwag and Iraj Fooladi)

(d) Bond Portfolio Immunization: Canadian Tests. Journal of Economics and Business, February 1992. (with Iraj Fooladi).

(e) Single Factor Duration Models: Canadian Tests. Journal of Financial Research, Spring 1992 (with G.O. Bierwag).

(f) Duration for Bond with Default Risk. Journal of Banking and Finance, January 1997. (with Iraj Fooladi and Frank Skinner).

11. Identify all materials, including but not limited to source materials, that Roberts or the persons identified in response to Interrogatory No. 8 relied on, reviewed or utilized in any way in performing the Disputed Work.

**RESPONSE:** Objection. This request is vague and ambiguous because Plaintiff has not identified what the "Disputed Work" is, or otherwise identified exactly what materials provided by Roberts were allegedly not original.

**SUPPLEMENTAL RESPONSE:** See foregoing response. Roberts does not know if Stanton and Gottesman used any additional materials.

21. State all facts which support the allegations in paragraph 4 of Roberts' Counterclaim that "Roberts provided the study materials to ARI as agreed."

**RESPONSE:** Roberts and Plaintiff agreed that Roberts would provide certain study materials to Plaintiff for a fee. Roberts delivered those study materials to Plaintiff in accordance with this agreement.

**SUPPLEMENTAL RESPONSE:** Alicia Ambrose instructed Roberts that he was to summarize the contents of the works supplied to Roberts by ARI so that all of the topics were covered, but not to copy them word-for-word.. In some cases, Ambrose sent materials to Roberts to be summarized; at other times he purchased the materials that ARI directed him to summarize and ARI reimbursed him for this expense.

Gordon Roberts

Signed under the penalties of perjury before me this 3rd day of March, 2005.

Notary Public
My Commission Expires:

As to Objections:

Mark A. Pogue (#3441)
Jillian S. Folger-Hartwell (#6970)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
Telephone 401-274-9200
Telecopy 401-276-6611

**Certificate of Service**

I hereby certify that on the 3rd day of March 2006 a copy of the foregoing Defendant's Supplemental Responses To Plaintiff's First Set Of Interrogatories was served by first class mail, postage prepaid to:

Craig M. Scott, Esq.
Kurt W. Hague, Esq.
Duffy Sweeney & Scott
One Turks Head Place, Suite 1200
Providence, RI 02903